**CLEVECON, INC., Appellee and Cross–Appellant, et al.,**

**v.**

**NORTHEAST OHIO REGIONAL SEWER DISTRICT et al.; Jenny Engineering Corporation, Appellant and Cross–Appellee.**

[Cite as *Clevecon, Inc. v. Northeast Ohio Regional
Sewer Dist.* (1993), 90 Ohio App.3d 215.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63319.

Decided Sept. 13, 1993.

216

*Andrews & Assoc., Robert J. Andrews* and *Charles H. Manning,* for appellee and cross-appellant.

*Ulmer & Berne, Thomas L. Rosenberg, Stephanie E. Trudeau* and *James A. DeRoche,* for appellant and cross-appellee.

Patricia A. Blackmon, Judge.

This appeal requires us to decide whether the absence of contractual privity is an absolute bar to malpractice liability by a design professional who causes economic damages from its architectural plans and specifications, and to decide if the setoff provision of R.C. 2307.32(F) applies to this case. Jenny Engineering Corporation ("Jenny"), defendant-appellant, appeals the decision of the Cuyahoga County Court of Common Pleas, which denied Jenny's motion for summary judgment and motion for directed verdict. Jenny's appeal also challenges the trial court's failure to grant Jenny's motion for judgment notwithstanding the verdict and a setoff of the jury's verdict under R.C. 2307.32(F). Jenny assigns the following errors for our review:

"I. The trial court erred in overruling defendant-appellant Jenny's motion for summary judgment, three motions for a directed verdict during trial, and post-trial motion for judgment notwithstanding the verdict because, in the absence of privity of contract, a cause of action does not exist in favor of a contractor against an architect or engineer for purely economic losses, and there was no contractual relationship between Clevecon and Jenny.

"II. The trial court erred in instructing the jury that Clevecon could recover economic damages premised on tort theories of liability, in refusing to give a jury instruction based on the *Floor Craft* decision, and in instructing the jury regarding Clevecon's breach of warranty theory.

"III. The trial court erred in overruling defendant-appellant Jenny's motion for setoff of verdict pursuant to Ohio Revised Code Section 2307.32(F) because Clevecon received $1.5 million in settlement with a joint tortfeasor originally joined as a defendant in this action."

General contractor Clevecon, Inc., plaintiff-appellee, timely cross-appeals and assigns the following error:

"The trial court erred in refusing to give a jury instruction based on tortious interference with contract."

Having reviewed the record of the proceedings and the legal arguments presented by the parties, we find that the assignments of error of Jenny are not well taken, and we find Clevecon's cross-assignment of error equally not well taken. The decision of the trial court is affirmed, and the apposite facts follow.

The Northeast Ohio Regional Sewer District ("NEORSD") entered into a contract with Clevecon, Inc. for a tunnel construction project. NEORSD entered into a contract with John David Jones and Associates as its lead architect and administrator of the design team. Jones entered into a contract with Alden Stilson and Associates to plan the profile of the tunnel and design structural and

surface work. Stilson entered into a contract with Jenny, defendant-appellant, to design the sewer tunnel. Jenny's design included a two-part lining. The primary lining was to be made of concrete segmental rings. The final liner was to be made of concrete poured inside the primary liner.

During the course of construction, problems began with the segmental rings. During installation, some of the rings were damaged. While Clevecon maintained that the damage was merely cosmetic, Jenny's engineers insisted on the removal and replacement of the rings. Later, another problem arose when Jenny's engineers expressed concern about the watertightness of the tunnel. Clevecon informed Jenny that, although the tunnel was not completely watertight, Clevecon was building the tunnel according to Jenny's specifications. Jenny insisted that Clevecon do additional caulking on the tunnel in an attempt to improve watertightness. A dispute also arose concerning the use of compressed air. Clevecon disagreed with Jenny's claim that the use of compressed air was necessary.

During the construction of the tunnel, representatives from Jenny were present on the construction site and repeatedly gave orders regarding the construction of the tunnel. Despite arguments from Clevecon that Jenny's design for the tunnel liner was unbuildable, Jenny continued to resist efforts by Clevecon to propose alternatives. This interference caused Clevecon to experience many delays and to incur additional expenses in completing the contract.

On February 23, 1987, Clevecon sued NEORSD, Jones, Stilson, Jenny, and Woodward–Clyde. Clevecon settled its claims against NEORSD for $1.5 million. Clevecon dismissed its complaint against Woodward–Clyde on November 2, 1987. After its settlement with NEORSD, Clevecon filed an amended and supplemental complaint which omitted its claims against NEORSD. The amended complaint set forth tort claims against Stilson, Jones, and Jenny. Summary judgment was entered in favor of Jones and Stilson on July 8, 1991. Jenny's motion for summary judgment was denied and the case proceeded to trial.

Clevecon alleged that Jenny negligently prepared the plans and specifications for the project, which resulted in delays and cost overruns. Clevecon also claimed that Jenny breached warranties of constructability of its plans and specifications.

At the end of Clevecon's case in chief and again at the close of the evidence, Jenny moved for a directed verdict. Both motions were denied. A jury ruled in favor of Clevecon and found Jenny negligent in the preparation and drafting of its plans and specifications as well as in the administration of the project. They also found that Jenny breached warranties in the preparation and drafting of the plans and specifications. Jenny was found to be sixty percent

responsible for Clevecon's loss. Clevecon was found to be forty percent contributorily negligent. The jury awarded Clevecon $1,035,000. Jenny moved for judgment notwithstanding the verdict and for a new trial. Jenny also moved for setoff of the verdict based on the settlement between Clevecon and NEORSD. These motions were denied on January 30, 1992. In resolving the issue of whether lack of privity of contract is an absolute bar in this case, we must look to the Ohio Supreme Court's decision in *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 560 N.E.2d 206. Jenny argues that there is no liability because of the Supreme Court's syllabus in *Floor Craft*, which specifically states that in the absence of privity of contract, no cause of action exists to recover economic damages against design professionals involved in drafting plans and specifications. In its oral argument, Clevecon urged that we should look beyond the facts of *Floor Craft* to the *Floor Craft* dictum which strongly suggests that where there is a nexus that serves as a substitute for contractual privity, liability for economic loss exists in a malpractice action against a design professional. We agree with Clevecon's argument. Therefore, we hold that lack of privity is not an absolute bar to a design professional's malpractice action when there is a nexus that can serve as a substitute for privity.

In reaching our conclusion, we necessarily look to the *Floor Craft* decision. Floor Craft entered into a contract with Parma Community General Hospital for the installation of a vinyl floor. The plans and specifications for the project were prepared by Braun & Spice, an architectural firm. After problems arose with the flooring, Floor Craft had to spend an additional $5,000 to correct the problem. Floor Craft sued Parma Hospital and Braun & Spice to recover its damages. Floor Craft alleged that Braun & Spice was negligent in specifying flooring and sealant that were incompatible with the construction methods used in the project.

The court found that Floor Craft could not recover its economic losses from Braun & Spice due to the lack of a direct contractual relationship between the two parties. The court recognized that, under facts not present in the *Floor Craft* case, a sufficient nexus between the contractor and the architect could serve as a substitute for privity of contract.

"In the case *sub judice* there was no direct contractual relationship between Floor Craft (the contractor) and Braun & Spice (the architect). Floor Craft contracted directly with the owner Parma Hospital. *There is no nexus here that can serve as a substitute for contractual privity.* Therefore, since there was no privity of contract between Floor Craft and Braun & Spice, the court of appeals properly affirmed the trial court's dismissal for failure to state a cause of action." (Emphasis added.) *Floor Craft, supra,* 54 Ohio St.3d at 8, 560 N.E.2d at 212.

There was no evidence that Braun & Spice participated in the project or interacted in any way with Floor Craft. Braun & Spice had a standard American

Institute of Architects contract with Parma Community Hospital, which provided that the architect would not control or have responsibility for construction means, methods, techniques or procedures in connection with the work. *Id.* at 8, 560 N.E.2d at 212, fn. 4.

██ Jenny's involvement in the tunnel project went far beyond the limited role of the architect in *Floor Craft.* Jenny exercised a substantial amount of control over the project. Jenny's engineers were present at the construction site and gave orders about the project, including ordering the removal of concrete segments and the application of additional grouting. This type of control has been held to establish a nexus between the parties:

"[S]ince the supervising architect wielded excessive control over the contractor, a consequent duty arose on the part of the architect 'to perform without negligence his functions as they affect the contractor. *The power of the architect to stop the work is tantamount to a power of economic life or death over the contractor.* It is only just that such authority, exercised in such a relationship, carry commensurate legal responsibility.'" (Emphasis added.) *Id.* at 5, 560 N.E.2d at 210, citing *A.R. Moyer, Inc. v. Graham* (Fla.1973), 285 So.2d 397.

██ The *Floor Craft* rule denying recovery for economic damages against design professionals absent privity of contract reflects the court's desire to protect architects from unforeseeable damage claims. An architect who distributes plans into the marketplace should not be held liable for damages sustained by remote plaintiffs whose builders happen to use the architect's design, which was not the case here.

██ The trial court was, therefore, correct in denying Jenny's motions for summary judgment, directed verdict, and judgment notwithstanding the verdict. To prevail on its summary judgment motion, Jenny would have had to show there was no genuine issue of material fact and that Jenny was entitled to judgment as a matter of law. Civ.R. 56(C). In evaluating a summary judgment motion, the court must construe the evidence most strongly in favor of the nonmovant. In its brief opposing summary judgment, Clevecon argued that Jenny's engineers were extensively involved in supervision and administration of the project. Construing this evidence most strongly in favor of Clevecon, reasonable minds could find that a sufficient nexus existed between the parties to substitute for privity of contract. Therefore, the court did not err in denying the summary judgment motion.

██ We find no error in the court's denial of Jenny's motions for directed verdict and judgment notwithstanding the verdict. A motion for a directed verdict shall be granted when the trial court, after construing the evidence most strongly in favor of the nonmovant, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted

and that conclusion is adverse to such party. Civ.R. 50(A)(4). A motion for judgment notwithstanding the verdict is subject to the same standard. *Chem. Bank of New York v. Neman* (1990), 52 Ohio St.3d 204, 556 N.E.2d 490. The evidence from the plaintiff's case in chief is used to evaluate a directed verdict motion while a motion for judgment notwithstanding the verdict is decided upon a review of all evidence submitted. *Id.* As discussed above, the evidence submitted at trial was sufficient to enable a reasonable juror to find in favor of Clevecon.

We must also note that Jenny provided only a partial transcript of the trial court proceedings. It does not include all of the plaintiff's case in chief and includes none of the evidence presented by the defendant. If an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence, or is contrary to the weight of the evidence, he must include a transcript of all evidence relevant to the finding or conclusion. App.R. 9(B). A complaint that the trial court failed to direct a verdict is similar to an assertion that the judgment is against the weight of the evidence. *Natl. Bank of Fulton Cty. v. Haupricht Bros., Inc.* (1988), 55 Ohio App.3d 249, 252, 564 N.E.2d 101, 108. Without a complete transcript, we are unable to say that the trial court acted improperly in denying Jenny's motions because such a determination requires a review of all the evidence. See *Gonda v. Window Sys., Inc.* (June 19, 1986), Cuyahoga App. No. 50528, unreported, at 7, 1986 WL 6964. Jenny's first assignment of error is without merit.

The next issue for our review is whether the trial court erred in its instructions to the jury. Jenny argues that the court erred in instructing the jury that Clevecon could recover economic damages premised on tort theories of liability, instructing the jury regarding Clevecon's breach of warranty theory, and failing to instruct the jury that Clevecon could recover economic damages premised on tort theories of liability. In its cross-assignment of error, Clevecon argues that the trial court erred in failing to instruct the jury on tortious interference with contract.

Again, we cannot find error in the trial court's instructions, since the parties have not provided us with a complete transcript. The failure to transmit a full transcript of the evidence adduced at trial and of the complete jury instructions renders a reviewing court unable to rule upon the appellant's claim of error in the trial court's jury instructions. *Baker v. Cuyahoga Cty. Court of Common Pleas* (1989), 61 Ohio App.3d 59, 572 N.E.2d 155. In determining whether prejudicial error occurred at trial, a jury charge must be considered as a whole. *State v. Workman* (1984), 14 Ohio App.3d 385, 14 OBR 490, 471 N.E.2d 853. Jenny's second assignment of error and Clevecon's cross-assignment of error are without merit.

Finally, we must determine whether Jenny was entitled to a setoff of the verdict pursuant to R.C. 2307.32(F). Jenny argues that the judgment against it should be reduced by the $1.5 million settlement between Clevecon and NEORSD. R.C. 2307.32(F) provides that a release or covenant not to sue which is given to one of two or more persons liable in tort for the same injury or loss reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the consideration paid for it, whichever is greater.

▇▇ In order for R.C. 2307.32(F) to apply, the parties must be joint tortfeasors. In its amended complaint, Clevecon omitted its claims against NEORSD. Jenny argues that the language of Clevecon's original complaint is sufficient to establish Jenny and NEORSD as joint tortfeasors. We disagree. The fact that NEORSD and Jenny were both sued in the original action does not establish them as joint tortfeasors. Civ.R. 20(A) provides:

" * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction [or] occurrence * * * and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded."

▇▇ A determination of whether NEORSD and Jenny are joint tortfeasors requires an examination of their conduct as it relates to Clevecon's damages. A "joint tortfeasor" has been defined as one who actively participates, cooperates in, requests, aids, encourages, ratifies, or adopts a wrongdoer's actions in pursuance of a common plan or design to commit a tortious act. Prosser, Law of Torts (4 Ed.1978) 292, Section 46. The record contains no evidence from which to determine NEORSD's role with respect to the damages suffered by Clevecon. The fact that NEORSD entered into a settlement agreement with Clevecon does not amount to an admission of liability. See *Chitlik v. Allstate Ins. Co.* (1973), 34 Ohio App.2d 193, 63 O.O.2d 364, 299 N.E.2d 295.

▇▇ There is no evidence of any tort committed by NEORSD. Jenny was hired by Stilson, a subcontractor hired by NEORSD. Although Stilson can be said to have acted as an agent of NEORSD in hiring Jenny, the act of hiring Jenny cannot be held to be negligent. Negligent hiring is not a recognized tort in Ohio. See *Pandey v. Cleveland Pub. Library* (Sept. 5, 1991), Cuyahoga App. No. 58632, unreported, 1991 WL 185724.

If NEORSD and Jenny had been shown to be joint tortfeasors, Jenny would have been entitled to a hearing to determine the extent of NEORSD's liability in tort for Clevecon's damages. Jenny would have been entitled to a setoff equal to

the portion of the $1.5 million settlement attributable to NEORSD's negligence, if any.

Since there is no evidence that NEORSD acted in furtherance of a common plan to commit a tortious act with Jenny, and no evidence of any tortious conduct by NEORSD, we cannot find that Jenny and NEORSD acted as joint tortfeasors. R.C. 2307.32(F) applies only to joint tortfeasors and, therefore, does not apply to this case. Our interpretation is consistent with the intent of the statute, which is to avoid a double recovery by the plaintiff for the same injury. In this case, Clevecon's claim against NEORSD sounded in breach of contract. This is different from its tort claim against Jenny. The claims against NEORSD and Jenny are different even though they were brought in the same action. We find no error in the trial court's denial of Jenny's motion for setoff. Jenny's third assignment of error is without merit.

*Judgment affirmed.*

PATTON, P.J., and NUGENT, J., concur.