OPINION
Plaintiffs-appellants Claybron O. Wisham and Evelyn Wisham ("appellants") have filed this accelerated appeal under App.R. 11.1 and Loc.App.R. 11.1. Appellants have assigned the following error for our review:
 THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS, DENYING PLAINTIFFS-APPELLANTS AN OPPORTUNITY TO MAKE OBJECTIONS OUT OF THE HEARING OF THE JURY BEFORE THE JURY RETIRED PURSUANT TO CIVIL RULE 51 (A), THUS DENYING PLAINTIFFS-APPELLANTS' RIGHTS AND PRIVILEGES GUARANTEED BY THE U.S. CONSTITUTION, 14TH AMENDMENT, AND THE CONSTITUTION OF THE STATE OF OHIO, ARTICLE I SECTIONS 5 AND 16.
For the following reasons, we affirm the judgment of the trial court. Pursuant to App.R. 11.1 (E), this court will render a brief and conclusionary decision.
 I.
On August 26, 1998, appellants filed a civil complaint against defendant-appellee Antonette Miller ("appellee") and Sidney Miller. In their complaint, appellants averred personal injuries and damages as a result of appellee's negligent operation of a motor vehicle.
Appellants dismissed with prejudice their claims against Sidney Miller and, on June 8, 1999, the underlying case proceeded to trial by jury. After deliberation, the jury returned a verdict in favor of appellants and against appellee in the amount of Ten Thousand Dollars ($10,000.00). The trial court entered judgment on the jury verdict in a journal entry filed on June 15, 1999.
On June 24, 1999, appellants filed a motion for a new trial. The trial court denied appellants' new trial motion on July 7, 1999. On August 2, 1999, appellants instituted this appeal.
 II.
In their sole assignment of error, appellants argue that the trial court failed to give appellants an opportunity to make objections to the court's jury instructions out of the hearing of the jury. Appellants base their assignment of error on Civ.R. 51 (A), which states:
 At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
 On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury. (Emphasis added.)
Appellants insist that the trial court failed to give appellants an opportunity to make objections to the court's jury instructions. However, appellants only filed a three-page excerpt of the trial transcript. Upon review of the record, this court is unable to determine whether appellants' contention is accurate.
Moreover, appellants must demonstrate that the challenged jury instructions, taken as a whole, were prejudicial to their case. "The failure to transmit a full transcript of the evidence adduced at trial and of the complete jury instructions renders a reviewing court unable to rule upon the appellant's claim of error in the trial court's instructions." Clevecon v. NortheastOhio Reg. Sewer Dist. (1993), 90 Ohio App.3d 215, 222.
Appellants' failure to file a complete transcript of the proceedings has prevented this court from conducting a meaningful review of their assignment of error. Accordingly, the assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and JAMES D. SWEENEY, J. CONCUR.