LAURENT et al., Appellants,

v.

FLOOD DATA SERVICES, INC. et al., Appellees.

[Cite as *Laurent v. Flood Data Serv., Inc.* (2001), 146 Ohio App.3d 392.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 01CA007842.

Decided Oct. 31, 2001.

394

Thomas Cabral and Michael A. Ross, for appellants.

Clair E. Dickinson, for appellee Flood Data Services, Inc.

Robert A. Wood and Maria Boccardi, for appellee Midland First National Lender Service.

———

SLABY, Judge.

Appellants, Neil and Donna Laurent, appeal from the judgment of the Lorain County Court of Common Pleas granting the motions for summary judgment of appellees, Midland First American National Lender Service ("Midland") and First American Real Estate Solutions ("First American"). We affirm.

On February 22, 2000, appellants filed an amended complaint against appellees asserting negligence, negligent misrepresentation, negligent hiring, intended third-party beneficiary status, breach of contract, unjust enrichment, breach of the duty of care, and breach of the covenant of good faith and fair dealing. Thereafter, each appellee filed a motion for summary judgment. The trial court granted both motions for summary judgment. Appellants timely appealed raising six assignments of error, which have been rearranged for ease of review.

## ASSIGNMENT OF ERROR II

"In the [* * *] journal entry, the trial court erred in granting summary judgment in favor of [appellees] on the issue of whether [appellants] were a third-party beneficiary of an oral contract between [appellees]."

## ASSIGNMENT OF ERROR III

"In the [* * *] journal entry, the trial court erred in granting summary judgment in favor of [appellees] on the issue of whether [appellees] breached a contract with [appellants]."

## ASSIGNMENT OF ERROR IV

"In the [* * *] journal entry, the trial court erred in granting summary judgment in favor of [appellees] on the issue of whether [appellees] were unjustly enriched."

## ASSIGNMENT OF ERROR V

"In the [* * *] journal entry, the trial court erred in granting summary judgment in favor of [appellees] on the issue of whether [appellees] breached a covenant of good faith and fair dealing."

## ASSIGNMENT OF ERROR I

"In the [* * *] journal entry, the trial court erred in granting summary judgment in favor of [appellees] on the issue of whether [appellees] were negligent."

## ASSIGNMENT OF ERROR VI

"In the [* * *] journal entry, the trial court erred in granting summary judgment in favor of [appellee] on the issue of whether First American negligently misrepresented that [appellants'] home was not located within a special flood hazard area."

In these assignments of error, appellants aver that genuine issues of material fact exist to substantiate their claims of intended third-party beneficiary status, breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, negligence, and negligent misrepresentation, and, consequently, the trial court erred in granting appellees' motions for summary judgment. We disagree.

Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, 662 N.E.2d 264, quoting Civ.R. 56(E). An appellate court

reviews a lower court's entry of summary judgment applying the *de novo* standard, thereby employing the same standard used by the trial court. See *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178, 180, 680 N.E.2d 691. We will address, in turn, each of appellants' claims.

1. Third-party beneficiary

■ Only a party to a contract and a third-party beneficiary may assert a claim on a contract. *Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 161, 566 N.E.2d 1220. Ohio has adopted Section 302 of the Restatement of the Law 2d, Contracts (1981) 439–440. *Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36 Ohio St.3d 36, 40, 521 N.E.2d 780. The Restatement states:

" '(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and * * *

" '* * *

" '(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.' " *Hill,* 36 Ohio St.3d at 40, 521 N.E.2d 780, quoting Restatement of the Law 2d, Contracts (1981) 439–440, Section 302.

■ There must be evidence to prove that the promisee intended to directly benefit the third party, which results in the promisee's assuming a duty toward the third party. *Stoll v. Hostetler* (Jan. 18, 1995), Wayne App. No. 2891, unreported, at 4, 1995 WL 19163, citing *TRINOVA Corp. v. Pilkington Bros., P.L.C.* (1994), 70 Ohio St.3d 271, 278, 638 N.E.2d 572. We note that "[p]erformance of a contract will often benefit a third person[,] [b]ut unless the third person is an intended beneficiary * * * no duty to him is created." *Hill,* 36 Ohio St.3d at 40, 521 N.E.2d 780. Accordingly, a third party who merely receives a benefit from a contract, without more, is only an incidental beneficiary and may not sue under the contract. *Visintine & Co. v. New York, Chicago & St. Louis Rd. Co.* (1959), 169 Ohio St. 505, 507, 9 O.O.2d 4, 160 N.E.2d 311; *Commonwealth Propane Co. v. Petrosol Internatl., Inc.* (C.A.6, 1987), 818 F.2d 522, 531–532.

■ In the present case, appellants contend that they are third-party beneficiaries on two contracts: the contract between Republic Savings Bank ("Republic") and Midland, and the contract between Midland and First American. The record indicates that Republic ordered a flood determination from Midland as required by the Federal Emergency Management Agency. Republic did not order this flood determination on behalf of appellants or for their benefit; rather, Republic ordered it to comply with various federal Acts. Also, George Goley, Vice President and Manager of Midland, stated that "[t]here was no intent on the

part of [Midland] to provide [appellants] with any benefit by ordering a flood determination for Republic." There is no evidence to support appellants' contention that they were third-party beneficiaries to the aforementioned contracts as seen through the alleged promisees' lack of intent to benefit appellants. Accordingly, appellants' second assignment of error is overruled.

2. Breach of contract

■ "[A] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach." *Garofalo v. Chicago Title Ins. Co.* (1995), 104 Ohio App.3d 95, 108, 661 N.E.2d 218.

■ Appellants' argue that they entered into a contract with Republic and pursuant to that contract, Republic was required to obtain a flood determination. Furthermore, appellants argue that Republic delegated its duty to obtain a flood determination to Midland, who subsequently delegated this duty to First American. First American originally determined that appellants' home did not lie in a special flood hazard zone; however, their determination was faulty. As a result of the incorrect flood determination, appellants contend that Midland and First American, as delegatees, breached the contract.

Despite appellants' argument, the record indicates that appellants did not request Republic to obtain a flood determination. Specifically, Mrs. Laurent was deposed on this issue:

"Q: Did you instruct [Republic] to get you a flood determination?

"A: Not that I'm aware of I didn't."

Additionally, appellants did not even consider the existence of the flood zone.

"Q: In fact, when you made the offer on the house, there wasn't any discussion of flood zone, was there?

"A: No.

"Q: Because you just hadn't thought about it, right?

"A: I had no conversation about it."

Last, Timothy Atkinson, Senior Vice President/Loan Officer with Republic, stated, "Republic * * * ordered a flood determination because it was required to do so by the Federal Emergency Management Agency pursuant to [federal Acts.]" Moreover, Atkinson maintained that at no point did Republic ever agree to act as appellants' agent when obtaining the flood determination, nor did it hold itself out as appellants' agent.

Since appellants did not request Republic to obtain a flood determination on their behalf, a contractual relationship regarding a flood determination between appellants and Republic did not exist; therefore, Republic did not have a duty to delegate to Midland. It follows that Midland also did not have a duty to delegate to First American. Appellants did not have a contractual relationship with appellees relating to the flood determination and, thus, no breach of contract claim. Appellants' third assignment of error is overruled.

3. Unjust enrichment

To support a claim of unjust enrichment, a plaintiff must demonstrate that (1) he conferred a benefit upon the defendant, (2) the defendant had knowledge of the benefit, and (3) circumstances render it unjust or inequitable to permit the defendant to retain the benefit without compensating the plaintiff. *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298. The plaintiff must confer the benefit as a response to fraud, misrepresentation, or bad faith on behalf of the defendant. *Natl. City Bank v. Fleming* (1981), 2 Ohio App.3d 50, 58, 2 OBR 57, 440 N.E.2d 590. That is, there must be a tie of causation between the plaintiff's loss and the defendant's benefit. *Elbert v. West* (Aug. 20, 1986), Lorain App. No. 3985, unreported, at 5, 1986 WL 9131.

Appellants rely on the alleged contractual relationship with Republic regarding the flood determination to support its contention that appellees were unjustly enriched by this contract. However, as previously determined, a contractual relationship did not exist between appellants and appellees, which eliminates the claim that appellees were unjustly enriched. Hence, appellants' fourth assignment of error is overruled.

4. Breach of the covenant of good faith and fair dealing

When parties enter into contracts, they are bound to each other by "standards of good faith and fair-dealing." *Bolling v. Clevepak Corp.* (1984), 20 Ohio App.3d 113, 121, 20 OBR 146, 484 N.E.2d 1367. We have already determined that a contractual relationship did not exist between appellants and appellees; therefore, appellees could not breach a covenant of good faith and fair dealing because this covenant did not exist between the parties. Accordingly, appellants' fifth assignment of error is overruled.

5. Negligence

A plaintiff asserting a negligence cause of action must prove "that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm, and that the harm was proximately caused by the defendant's breach of duty." *Cooperider v. Peterseim* (1995), 103 Ohio App.3d

476, 479, 659 N.E.2d 882, citing *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. The existence of a duty in a negligence cause of action is a question of law for the court to decide. See *Cogar v. Scheetz Constr. Co.* (Jan. 14, 1998), Summit App. No. 18501, unreported, at 4, 1998 WL 34608. The general rule applicable to situations in which privity of contract is lacking is "there is no * * * duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things." *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 3, 560 N.E.2d 206, quoting Prosser & Keeton, Law of Torts (5 Ed.1984) 657, Section 92.

■ Additionally, a plaintiff who merely suffers pecuniary damages does not have a legally cognizable or compensable injury under the negligence theory. *Floor Craft*, 54 Ohio St.3d at 3, 560 N.E.2d 206, quoting *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 44–45, 537 N.E.2d 624. Thus, the court will not impose tort liability for purely economic reasons. *Floor Craft*, 54 Ohio St.3d at 8, 560 N.E.2d 206.

■ In this case, appellants borrowed $90,000 from Republic and gave Republic a mortgage on their home. Republic then requested Midland to order a flood determination regarding appellants' property. Midland contacted First American for this determination. First American determined that appellants' home was not located in a special flood hazard area and provided this information to Midland, who, in turn, relayed this information to Republic. It was later discovered that appellants' home was located in a special flood hazard area. As a result of this discovery, appellants decided to move to a new home and incurred various pecuniary expenses in connection with the move, which they now seek to recover in their negligence cause of action. However, appellants merely assert a pecuniary damage, which is not legally cognizable or compensable under the negligence theory. See *id.* Accordingly, the trial court did not err in granting appellees' motions for summary judgment regarding appellants' negligence claim. Appellants' first assignment of error is overruled.

6. Negligent misrepresentation

■ Negligent misrepresentation occurs when " '[o]ne who, in the course of his business * * * or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' " (Emphasis omitted.) *Delman v. Cleveland Hts.* (1989), 41 Ohio St.3d 1, 4, 534 N.E.2d 835, quoting 3 Restatement of the Law 2d, Torts (1965) 126–127, Section 552(1).

█ Although the general rule requires contractual privity to assert a cause of action in negligence for purely economic damages, the plaintiff may recover under a negligent misrepresentation cause of action if a "sufficient nexus" exists between the parties to substitute for the lack of contractual privity. *Clevecon, Inc. v. Northeast Ohio Regional Sewer Dist.* (1993), 90 Ohio App.3d 215, 220, 628 N.E.2d 143. Such a nexus will usually exist only when the plaintiff is a member of a limited class whose reliance is specifically foreseen. *Floor Craft*, 54 Ohio St.3d at 6, 560 N.E.2d 206, citing *Haddon View Invest. Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212.

█ As previously stated, appellants seek pecuniary relief to alleviate the damages they allegedly incurred. Since appellants assert negligent misrepresentation and we have already determined that contractual privity does not exist, appellants may recover only if a sufficient nexus exists. Appellants did not instruct Republic to obtain a flood determination on their behalf, nor did appellants request Midland to order a flood determination from First American. Rather, the evidence illustrates that Republic ordered the flood determination to comply with federal Acts. Moreover, there is no evidence illustrating that Midland or First American believed that the flood determination was for appellants' benefit. The connection between appellants and First American is highly attenuated and cannot be deemed a sufficient nexus. As a result, appellants' negligent misrepresentation claim must fail. Appellants' sixth assignment of error is overruled.

Appellants' assignments are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BATCHELDER, P.J., and BAIRD, J., concur.