JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Deerfield Construction, Inc., ("Deerfield") appeals from the trial court's entry of summary judgment in favor of defendant-appellee Cole + Russell Architects, Inc., ("Cole + Russell"). Because we conclude that Deerfield's sole assignment of error is without merit, we affirm the judgment of the trial court.
In 1997, Cole + Russell entered into a written contract with Independence Real Estate Development, L.P., ("Independence") to provide architectural services for an apartment complex ("Brentwood Apartments"). In the same year, Deerfield entered into a contract with Independence to serve as the general contractor for the construction of the Brentwood Apartments. Deerfield's contract required that it construct the Brentwood Apartments in accordance with Cole + Russell's plans and specifications. Under its contract with Independence, Cole + Russell's construction administrator visited the site and answered questions about the architectural plans. After the construction was completed, one of the apartment buildings showed damage that included cracking in the slab, drywall and brick veneer. Deerfield alleged that the damage was the result of Cole + Russell's defective design of the retaining wall and slab associated with the building. Deerfield performed the work to stabilize the building and filed suit against Cole + Russell to recover the money that it had expended in repairing the building.
Deerfield asserted four claims against Cole + Russell: negligence, negligent misrepresentation, breach of a third-party-beneficiary contract, and breach of warranty. The trial court granted Cole + Russell's motion for summary judgment on all claims. In its sole assignment of error, Deerfield now asserts that the trial court erred in granting summary judgment with respect to the negligence and negligent-misrepresentation claims. We conclude that the assignment of error is not well taken.
Summary judgment may only be granted when, after construing the evidence most strongly in favor of the nonmoving party, "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *."[1] This court reviews the granting of summary judgment de novo.[2]
Deerfield did not have a contract with Cole + Russell. InFloor Craft Floor Covering, Inc. v. Parma Community GeneralHospital Assn., the Ohio Supreme Court held that "[i]n the absence of privity of contract no cause of action exists in tort to recover economic damages against design professionals involved in drafting plans and specifications."[3] Deerfield asserted that Cole + Russell's involvement in the project created a nexus that could substitute for Floor Craft's privity requirement. In particular, Deerfield contended that this case was similar to Clevecon v. Northeast Ohio Regional SewerDistrict,[4] in which the Eighth Appellate District concluded that, given the design professional's extensive involvement in the supervision and administration of the construction project, there was a question of fact as to whether a sufficient nexus existed between the parties to substitute for the privity requirement.[5] But the level of involvement of the design professional in Clevecon was considerably greater than that of Cole + Russell in the case before us. We decline to follow the Eighth Appellate District's modification of FloorCraft and conclude that the holding of Floor Craft controls the result of this case. Because there was no contractual privity between Deerfield and Cole + Russell, the trial court properly granted summary judgment in favor of Cole + Russell. The assignment of error is without merit, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and SUNDERMANN, JJ.
[1] Civ.R. 56(C).
[2] Jorg v. Cincinnati Black United Front,153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772,798 N.E.2d 406.
[3] (1990), 54 Ohio St.3d 1, 560 N.E.2d 206, syllabus.
[4] (1993), 90 Ohio App.3d 215, 628 N.E.2d 143.
[5] Id. at 221.