In Re: Patricia LOTT, Debtor(s)

Edward Coleman Plaintiff(s)

v.

Patricia Lott Defendant(s).

No. 06–3028.

United States Bankruptcy Court,
N.D. Ohio.

Aug. 31, 2006.

Matthew John Barber, Rauser And Associates, LLP, Toledo, OH, for Patricia Lott.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This matter comes before the Court upon the Parties' Cross Motions for Summary Judgment. In support thereof, both Parties submitted written arguments and exhibits. The Court has now had the opportunity to thoroughly review these materials, and for the reasons that now follow,

finds that the Defendant's Motion for Summary Judgment should be Granted, and that the Plaintiff's Motion for Summary Judgment should be Denied.

## FACTS

In 1999, the Plaintiff, Edward Coleman (hereinafter "Plaintiff"), filed a state court action, entitled, "landlord's complaint," against his two siblings: Willie Coleman, and the Defendant, Patricia A. Lott (hereinafter "Debtor"). Plaintiff's complaint, in addition to seeking possession of the premises, alleged damages for unpaid rent and utilities for the months of November and December of 1998. After failing to defend, a monetary judgment was thereafter entered jointly against both Mr. Coleman and the Debtor for the sum of $1,451.11.

In 2005, the Debtor sought relief in this Court under Chapter 7 of the United States Bankruptcy Code. The Debtor listed the Plaintiff on her schedule of creditors, but omitted Mr. Coleman as a codebtor. Thereafter, Plaintiff filed a Complaint, *pro se*, in this Court sounding in fraud.

## DISCUSSION

This matter was commenced by the filing of the Plaintiff's complaint. In bringing a complaint, the Bankruptcy Rules of Procedure require that a claimant set forth a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"[1] This is known as "notice pleading" where the focus is not on formality, but simply on ensuring that a defendant is afforded fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). But even under this lenient standard, the Plaintiffs' complaint stretches the boundaries of what constitutes a legally viable pleading.

The Complaint brought by the Plaintiff before this Court is cryptically entitled "Object to Original Pleading to Discharge Said Debt To Be Dismiss based on FED. Rule 60(B) Fraud and Deciet [sic]". (Doc. No. 1). The relief sought in the Complaint is equally obscure—e.g., in the conclusion it is stated, "The Defendant's Defective Pleading is attempting to split up Plaintiff's claim and cause of action from lower court, [sic] would deny Plaintiff Due Process and Equal Protection under the law." *Id.* at pg. 3. Additionally, no statutory authority under the Bankruptcy Code is mentioned as a ground for the Complaint.

■ It is well-settled that even with notice pleading, "[a] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Neither the opposing party nor the court is expected to decipher a party's pleading. Hence, pleadings which are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" are not entitled to adjudication. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir.1988). Further compounding the deficiency with the Plaintiff's complaint is that it sounds in fraud, and Bankruptcy Rule 7009(b), which adopts Rule 9 of the Federal Rules of Civil Procedure, goes beyond just notice pleading, requiring that "the circumstances constituting fraud ... shall be stated with particularity."

It can thus only be concluded that the Plaintiff's complaint is legally deficient as applied to the Federal Rules of Procedure.

1. Fed.R.Civ.P. 8(a)(2), made applicable to this proceeding by Bankruptcy Rule 7008.

Notwithstanding, the Plaintiff, in his Motion for Summary Judgment, states:

> the Plaintiff's Pleading has satisfied all elements of law to give rise [sic] that the debt arouse [sic] from fraud and deceit, also willful and malicious conduct [sic] should satisfy 523(a)(6), and 523(a)(2), as a matter of law the debt should be excepted from discharge.

(Doc. No. 10, at pg. 6). Taken at face value, the substance of the Plaintiff's action is now unmistakable: it was intended as a complaint to determine the dischargeability of a debt pursuant to §§ 523(a)(2) & (6).

When a party's pleading has a deficiency, Federal Rule of Civil Procedure 15(b) allows a party to amend their pleading when the "issues not raised by the pleadings are tried by express or implied consent of the parties."[2] Consistent with this Rule, the Debtor, in her Motion for Summary Judgment, specifically addressed the Plaintiff's entitlement to judgment under the just cited statutory provisions. (Doc. No. 8). Although Rule 15(b) is not specifically made applicable to the summary judgment phase of litigation, it has been held when "both parties squarely address a claim in their summary judgment briefs, it may be argued that the complaint was constructively amended." *Handzlik v. U.S.*, 93 Fed.Appx. 15 (5th Cir.2004) (internal quotations omitted), *citing Whitaker v. T.J. Snow Co.*, 151 F.3d 661, 663 (7th Cir.1998).

Such a view also finds support when read in conjuncture with other procedural rules. Bankruptcy Rule 1001 provides that all of the Rules of Procedure are to be construed to secure the "just determination" of every proceeding. Federal Rule 8(f) also provides that "[a]ll pleadings shall be construed as to do substantial justice."

Still, given that Rule 15(b) only applies to issues actually "tried," applying it to a motion for summary judgment is not a view universally held.[3] But regardless, this particular legal issue need not be passed upon at this time because even if the Court were to construe the Plaintiff's arguments in its Motion for Summary Judgment as a viable amendment to his original pleading, it has no bearing on the ultimate disposition of this matter. As now explained, it is the Defendant, not the Plaintiff, who is entitled to the entry of summary judgment on an action brought under either paragraph (a)(2) or (a)(6) of § 523.

Sections 523(a)(2) and (a)(6) provide, in relevant part:

> (a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt-
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

---

**2.** Fed.R.Civ.P. 15(b) is made applicable to this proceeding by Bankruptcy Rule 7015.

**3.** *Crawford v. Gould,* 56 F.3d 1162, 1168–69 (9th Cir.1995) ("The present case did not go to trial; it was decided on motions for summary judgment. Therefore, the situation which Rule 15(b) addresses simply did not arise in the present case."); *Blue Cross Blue Shield v. Weitz,* 913 F.2d 1544, 1550 (11th Cir.1990) (Rule 15(b) is "inapposite" when case decided on summary judgment); *Indep. Petroleum Ass'n. of Am. v. Babbitt,* 235 F.3d 588, 596 (D.C.Cir.2001) ("It is an open question whether the Federal Rules permit parties to impliedly consent to 'try' issues not raised in their pleadings through summary judgment motions.").

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

Previously, in addressing a party's complaint brought under these sections, this Court observed that "while each of these statutory exceptions to dischargeability is applicable in a slightly different context, their lowest common denominator is the same: scienter—that is, a specific intent to actually do the harm, whether it is an intent to defraud/deceive under § 523(a)(2), . . . or the intentional injury to another's property under § 523(a)(6)." *Automated Handling v. Knapik (In re Knapik)*, 322 B.R. 311, 316 (Bankr. N.D.Ohio 2004).

█ Whether the debtor possessed the specific intent to defraud or deceive is measured by a subjective standard. *AT & T Universal Card Servs., Inc. v. Rembert (In re Rembert)*, 141 F.3d 277, 281 (6th Cir.1998); *C & H Electrical v. Newell (In re Newell)*, 321 B.R. 885, 889 (Bankr. N.D.Ohio 2005). As a general rule, however, making such a determination, which goes to the litigant's state of mind, is not appropriate on a motion for summary judgment. *Middleton v. Reynolds Metals Co.*, 963 F.2d 881, 882 (6th Cir.1992). Summary judgment serves to substitute for a trial; but it is at a trial where factors that most often go into a state of mind determination are placed before the trier-of-fact—e.g., credibility determinations, testimony given on cross-examination and witness demeanor. All the same, any issue as to a litigant's state of mind must be genuine, and hence summary judgment is still appropriate in matters involving intent when the nonmoving party "rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Picha v. City of Parma*, No. 91–3501, 1992 WL 57419, at *2 (6th Cir. Mar.25, 1992) (unpublished disposition).

█ Although not stated in crystalline legal terms, the Plaintiff's position regarding the Debtor's subjective intent to do harm can be broken down into these two categories:

The Debtor made false representations to the co-debtor, Mr. Coleman, which is exemplified by his omission from the Debtor's bankruptcy petition as a co-debtor on Schedule H.

The Debtor, by living at Plaintiff's property without permission, was a trespasser.

(Doc. Nos. 1 & 11.). But as will now be explained with respect to these two categories of arguments, they do not reach the necessary level, even when viewed in a light most favorable to the Plaintiff, to give rise to a nondischargeable debt under either paragraphs (a)(2) or (a)(4) of § 523.

█ First, even if true, and the Debtor made false representations to Mr. Coleman, it is he, Mr. Coleman, and not the Plaintiff, who is the proper party in interest. Federal Rule of Procedure 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." The underlying effect of this Rule is to require that the party who brings an action actually possess, under the substantive law, the right sought to be enforced. *United HealthCare Corp. v. American Trade Ins. Co.*, 88 F.3d 563, 568–69 (8th Cir.1996). The Plaintiff, not being in privity to the representations made by the Debtor or an intended beneficiary thereof, simply does not possess such a substantive right; under Ohio law, only a party or an intended third-party beneficiary has standing to bring an action on a contract. *Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161, 566 N.E.2d 1220 (1991); *Laurent v. Flood Data Serv., Inc.*, 146 Ohio App.3d 392, 397, 766 N.E.2d 221 (2001).

Furthermore, the fact that Mr. Coleman was not listed as a co-debtor in the Debtor's bankruptcy petition does nothing to change this. At most, such an allegation raises the potential, albeit small, as to the existence of an action to deny discharge under § 727(a); it, however, speaks nothing to an action to determine dischargeability under § 523(a). Likewise, the Plaintiff's second assertion of trespass does not stand up under scrutiny.

■ A review of the record in this case reveals that the Debtor's alleged status as a trespasser arises solely from the Plaintiff's complaint, wherein it was set forth: "Patricia Lott Trespasser." But, this is only an allegation, and does nothing to establish the Debtor's status as a trespasser. Only findings of a court are entitled to be afforded binding effect in a subsequent judicial proceeding. The *sine qua non* for this: that the issue was actually litigated. *Hinze v. Robinson (In re Robinson)*, 242 B.R. 380 (Bankr.N.D.Ohio 1999). The normal function of a default judgment, however, is inapposite to this; it allows a court to render judgment on a claim without having to decide any issues. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 193 (6th Cir. BAP2002).

■ Additionally, the allegation of trespass, itself, does not state a claim as applied to either §§ 523(a)(2) or (a)(6). The civil tort of trespass is defined as "the invasion, without authority, of another's private premises whereby damages ensue." *Linley v. DeMoss*, 83 Ohio App.3d 594, 598, 615 N.E.2d 631 (1992). But trespass, unlike the state of mind involved in action under either (a)(2) or (a)(6) of § 523(a), does not require any specific intent to give rise to liability. The actor must have only intended the act, but not the injury. *Accord Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 716, 622 N.E.2d 1153. (1993). Conversely, as the Supreme Court

observed in addressing § 523(a)(6), the term "willful" means "that the actor intend the consequences of an act, not simply the act itself." *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (internal quotations omitted).

In sum, the Plaintiff in this matter has failed to sustain his burden of showing why his claim is any thing more than just a debt, subject to the bankruptcy discharge. Of note, no destruction to the rental premises is alleged as is normal in a landlord's action brought under § 523(a)(6); nor, for purposes of § 523(a)(2), is it alleged that the Debtor made any intentionally false representations to the Plaintiff. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of both parties, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment be, and is hereby, GRANTED; and that the Plaintiff's Motion for Summary Judgment be, and is hereby, DENIED.

***IT IS FURTHER ORDERED*** that this adversary proceeding, be, and is hereby, DISMISSED.