OPINION
{¶ 1} This is an appeal from the Lake County Court of Common Pleas. Appellant, C.I.R., Inc., appeals the August 3, 2001 judgment entry granting summary judgment in favor of the city of Mentor-on-the-Lake and appellee, C.T. Consultants, Inc.
 {¶ 2} On August 22, 2000, appellant filed a complaint against appellees to recover money damages for breach of a public improvement construction contract, unjust enrichment, and failure to pay on an account. Mentor-on-the-Lake filed an answer and counterclaim on November 2, 2000, and appellee filed its answer on November 15, 2000. On May 11, 2001, appellee, Mentor-on-the-Lake, and appellant filed motions for summary judgment.
 {¶ 3} The record reveals that in May 1999, appellant was the successful low bidder for the Reynolds Road Reconstruction Project ("the project"). Appellant and Mentor-on-the-Lake entered into a contract on July 12, 1999, incorporating the bid specifications. Appellee served as the engineer for the project pursuant to a separate contract between itself and Mentor-on-the-Lake, which was signed on December 9, 1998. Under that contract, appellee was to provide consulting services for Mentor-on-the-Lake, which included reviewing bills submitted by contractors on public projects.
 {¶ 4} After beginning the work at the project, appellee determined that an "undercut" portion of the project area was needed. Appellee directed appellant to perform the undercut. Appellant claims that it incurred additional costs for the extra work and requested payment. Appellant submitted a request for payment to appellee on June 12, 2000, for the extra work, which was rejected by Mentor-on-the-Lake. Appellant claims that appellee did not submit the estimate for the additional work performed by appellant to Mentor-on-the-Lake.
 {¶ 5} Appellant filed the lawsuit claiming that Mentor-on-the-Lake breached its contract with appellant. Appellant also asserted that it was a third-party beneficiary of the duties assumed by appellee under its contract with Mentor-on-the-Lake. Appellant further alleges that appellee owed a duty of good faith and fair dealing, and that duty was breached.[1]
 {¶ 6} In an August 3, 2001 judgment entry, the trial court denied appellant's motion for summary judgment against both Mentor-on-the-Lake and appellee. The trial court also denied Mentor-on-the-Lake's motion for summary judgment against appellant. However, the trial court granted appellee's motion against appellant. The trial court explained that "no contract existed between [appellant] and [appellee]. * * * [Appellee] did not owe [appellant] the implied duty of good faith and fair dealing." It is from that entry appellant timely filed this appeal and now asserts the following as error:
 {¶ 7} "[1.] The trial court erred to the detriment of [appellant] by denying [a]ppellant's motion for summary judgment and granting summary judgment in favor of [appellee] on [a]ppellant's claim for breach of contract under the third party beneficiary theory.
 {¶ 8} "[2.] The trial court erred to the detriment of [appellant] by denying [a]ppellant's motion for summary judgment and granting summary judgment in favor of [appellee] on [a]ppellant's claim that [appellee] breached its duty of good faith and fair dealing."
 {¶ 9} Preliminarily, we note that summary judgment may be granted where there are no genuine issues as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. The Supreme Court of Ohio stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296:
 {¶ 10} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 11} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 12} Under its first assignment of error, appellant claims that it was a third party beneficiary to the contract between Mentor-on-the-Lake and appellee.
 {¶ 13} Generally, only a party to a contract or an intended third-party beneficiary thereof may bring an action for breach of contract. Grant Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158,161. Contract rights are not afforded to an incidental third party beneficiary under a contract to which he or she is not a party. Hill v.Sonitrol of Southwestern Ohio, Inc. (1988), 36 Ohio St.3d 36, 41.
 {¶ 14} When construing a contract, the intentions of the parties are ascertained from the language of the contract. Blosser v. Enderlin
(1925), 113 Ohio St. 121, paragraph one of the syllabus. The Supreme Court of Ohio has applied the "intent to benefit" test to determine whether a third party is an intended or incidental beneficiary:
 {¶ 15} "`* * * [I]f the promisee (* * *) intends that a third party should benefit from the contract, then that third party is an "intended beneficiary" who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an "incidental beneficiary," who has no enforceable rights under the contract.
 {¶ 16} "`(* * *) (T)he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract (is) insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary.'" Hill, supra, 36 Ohio St.3d at 40, quoting Norfolk Western Co. v. United States
(C.A.6, 1980), 641 F.2d 1201, 1208.
 {¶ 17} In the instant matter, the contract between Mentor-on-the-Lake and appellee was executed on December 9, 1998, and continued through December 31, 1999. The agreement stated that appellee was to provide several services, some of which included:
 {¶ 18} "11) The furnishing of competent inspection and testing services.
 {¶ 19} "12) The furnishing of services of a qualified resident engineer to supervise, direct and coordinate any public improvement project or group of public improvement projects.
 {¶ 20} "13) The computation and certification of the amount of special assessments for public improvements as may be required. * * *"
 {¶ 21} The contract also provided that appellee would furnish consulting services to Mentor-on-the-Lake. Those services included, but were not limited to the following:
 {¶ 22} "3) Visits at necessary intervals to the site of the work by a duly qualified representative throughout the active construction periods for review of the progress and quality of the construction work and consultation with [Mentor-on-the-Lake] representatives and in the interim between such visits.
 {¶ 23} "* * *
 {¶ 24} "6) Checking interim and final estimates for payment to contractors.
 {¶ 25} "7) Review of all operation and performance tests required by the contract specifications and submission of the recommendations concerning completion and final acceptance of the construction work."
 {¶ 26} Here, appellant was not a party to the contract between Mentor-on-the-Lake and appellee. Mentor-on-the-Lake retained the services of appellee, and appellee agreed to provide engineering services for Mentor-on-the-Lake. The contract specifically stated that the services under the contract were to be performed by appellee for Mentor-on-the-Lake. Appellee was to check interim and final estimates of payment to contractors and submit recommendations concerning the completion and final acceptance of construction work. Appellee was not in charge of making the final decision regarding pay items. Instead, appellee checked pay items and made recommendation to Mentor-on-the-Lake.
 {¶ 27} Moreover, the contract between Mentor-on-the-Lake and appellee was entered into in December 1998, which was before the July 12, 1999 agreement between Mentor-on-the-Lake and appellant. Therefore, it was not even contemplated that appellant would be awarded the project. Hence, there was no intent to benefit appellant when the December 1998 contract was executed.
 {¶ 28} Furthermore, there was no evidence that either Mentor-on-the-Lake or appellee directly expressed any intent to benefit appellant or any third party. If this court were to adopt appellant's rationale under the factual predicate here, the logical extension of this reasoning would be to conclude that an intended third-party beneficiary relationship existed between appellee and every public improvement contractor or general consultant that entered into a contractual relationship with Mentor-on-the-Lake. It is our position that any benefit conferred upon appellant was merely incidental. Thus, appellant was not an intended third-party beneficiary. Appellant's first assignment of error is not well-founded.
 {¶ 29} For the second assignment of error, appellant alleges that appellee owed a duty of good faith and fair dealing and that appellee breached that duty.
 {¶ 30} However, since we have determined that there was no contract between appellant and appellee, appellant does not have a claim for breach of the implied covenant of good faith and fair dealing. SeeKhoury v. Trumbull Physician Hosp. Org. (Dec. 8, 2000), 11th Dist. No. 99-T-0138, 2000 WL 1804356, at 5. Accordingly, appellant's second assignment of error lacks merit.
 {¶ 31} As an aside, we would caution the trial court to refrain from using the word "find" in its judgment entry in a summary judgment exercise. Such verbiage could give the appearance that the trial court is engaging in factual findings, which is not the proper role for a trial court in a summary judgment exercise. This court has explained that a trial judge's role in deciding a motion for summary judgment is not to determine issues of fact, but to decide whether there are any genuine issues of material fact to be decided. Petrarca v. Phar-Mor, Inc. (Sept. 21, 2001), 11th Dist. No. 2000-T-0121, 2001 WL 1117015, at 4, citingRiddle v. Newton Falls Exempted Village Bd. of Edn. (Oct. 7, 1988), 11th Dist. No. 4004, 1988 WL 105556, at 4.
 {¶ 32} For the foregoing reasons, the trial court did not err in granting summary judgment in favor of appellee as there were no issues of material fact. Thus, appellant's assignments of error are not well-taken, and the judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.
[1] The only claims pertinent to this appeal are those against appellee because appellant's claims against Mentor-on-the-Lake are pending in the trial court.