OPINION
{¶ 1} Appellants, Marilyn Hietanen ("Marilyn") and Eugene Hietanen ("Eugene"), appeal from a judgment of the Lake County Court of Common Pleas, granting summary judgment in favor of appellee, City of Painesville Employees Credit Union. We affirm.
 {¶ 2} The record discloses the following facts. Appellants are the parents of Terry Heitanen ("Terry"), deceased. At the time of his death, Terry had the following loan balances due on accounts held by appellee: (1) $4,469.58 due on a personal signature loan; (2) $30,696.66 due on a loan for a pickup truck; (3) $33,409.27 due on a loan for a manufactured home; and (4) $33,409.75 due on a loan for a boat. Terry and appellants were co-owners of the manufactured home; while Terry and appellant, Marilyn, were co-owner's of the boat.
 {¶ 3} Appellee was a policy holder of a group life insurance policy issued by CUNA Mutual Insurance Society ("CUNA"). Based upon Terry's participation in appellee's credit union, he was an insured member of the group life insurance policy. Pursuant to the life insurance policy, appellee paid premiums to CUNA and, in return, CUNA provided coverage to members of the group life insurance policy. As a result, upon Terry's death, CUNA paid $30,000 to appellee and appellee applied these proceeds to reduce Terry's outstanding loans.
 {¶ 4} Appellee first applied the proceeds to satisfy the amount due on Terry's personal signature loan. The remaining proceeds were then applied to the amount due on Terry's pickup truck loan, which left an outstanding balance of $5,166.24. None of the proceeds were applied to Terry's manufactured home loan or boat loan.
 {¶ 5} On January 20, 2004, appellee filed a complaint with the Lake County Court of Common Pleas. The complaint named appellants as defendant parties. Appellants timely answered and counterclaimed. The counterclaim asserted that appellants were damaged by appellee's failure to apply the insurance proceeds pro rata to Terry's loans. This pro rata distribution would have reduced the outstanding loan amounts of the co-owned manufactured home and boat.
 {¶ 6} Ultimately, the claims under appellee's complaint were settled, while appellants' counterclaim remained pending. Appellee moved for summary judgment as to the counterclaim. The motion for summary judgment maintained that the insurance policy precluded the application of proceeds to any loans on real estate. Appellee argued that the loans on the manufactured home and boat represented loans on real estate and, therefore, the proceeds could not be used to credit these outstanding balances.
 {¶ 7} Appellants then filed a cross-motion for summary judgment. Appellants first argued that the real estate loan preclusion was not applicable because the manufactured home loan and boat loan were not real estate loans. In addition, appellants argued that the policy language was ambiguous and, as beneficiaries of Terry's insurance policy, appellee owed them a duty to distribute the insurance proceeds pro rata.
 {¶ 8} Appellee responded to appellants' cross-motion for summary judgment. Appellee countered by arguing that, regardless of the real estate loan preclusion, appellants were not entitled to a pro rata distribution as they were neither insured under the policy nor beneficiaries under the policy.
 {¶ 9} After reviewing the parties' submissions, the court issued a judgment entry granting summary judgment in favor of appellee. The court found that appellants were not a party to the insurance policy and were not intended third-party beneficiaries of the policy. Thus, the court determined that any ambiguity could not be interpreted in appellants' favor and appellee was not obligated to distribute the proceeds in a pro rata fashion.
 {¶ 10} From this judgment, appellants filed a timely notice of appeal and now set forth the following two assignments of error for our consideration:
 {¶ 11} "[1.] The trial court erred to the prejudice of defendants-appellants in granting plaintiff-appellee's motion for summary judgment.
 {¶ 12} "[2.] The trial court erred to the prejudice of defendants-appellants in failing to sustain defendants-appellants cross motion for summary judgment."
 {¶ 13} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266,268, 1993-Ohio-12.
 {¶ 14} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turnerv. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 15} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 292, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 16} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 17} Appellants' two assignments of error will be discussed in a consolidated fashion. Appellants' assignments of error argue that appellee owed them a duty of care to distribute the insurance proceeds in a pro rata fashion because appellants were third-party beneficiaries. In support of this contention, appellants maintain that the ambiguous language of the insurance policy failed to establish a priority in how to apply the proceeds. Appellants further argue that appellee should have held a reasonable expectation that appellants, as co-owners of the loans' pledged property, were entitled to a pro rata distribution.
 {¶ 18} Our analysis begins with an examination of the written insurance policy. It is well established that the fundamental purpose of a judicial examination of any written instrument is to ascertain and give effect to the intent of the parties to the instrument. Foster Wheeler Enviresponse, Inc. v. Franklin Cty.Convention Facilities Auth., 78 Ohio St.3d 353, 361, 1997-Ohio-202. "During the course of the judicial examination of a written instrument, the reviewing court should give the language of the instrument its plain and ordinary meaning unless some other meaning is evidenced within the document." FederalFin. Co. v. Turner (Sept. 1, 1999), 7th Dist. No. 97 CA 144, 1999 Ohio App. LEXIS 4121, at 6-7, citing Alexander v. BuckeyePipeline Co. (1978), 53 Ohio St.2d 241, 245.
 {¶ 19} As stated previously, appellee is the named policy holder of the group life insurance issued by CUNA. The policy further states as follows:
 {¶ 20} "WHO IS INSURED
 {¶ 21} "Insurance is on the member whose signature appears first on the loan note. Second-named borrowers are not insured."
 {¶ 22} The policy further states, "[i]f you die while you are insured under the Group Policy, we will pay the proceeds of your insurance to the Credit Union for credit to your loan. * * * Beneficiary — If the proceeds exceed the balance of your loan, the excess will be paid to your estate." Absent from the policy is any indication that the proceeds were to be distributed pro rata or that pledged collateral of co-owners received priority.
 {¶ 23} Here, copies of the note on the manufactured home loan and boat loan were submitted as exhibits and show the first signature is Terry's. Appellants' signatures are shown as co-owners of the pledged property. Thus, only Terry is insured under the policy, as appellants were not parties to the contract.
 {¶ 24} Accordingly, the matter before us turns upon whether appellants are third-party beneficiaries to the insurance policy because "only a party to a contract or an intended third-party beneficiary may bring an action on a contract." (Emphasis sic.)Matheny v. Ohio Bancorp (Dec. 30, 1994), 11th Dist. No. 94-T-5022, 1994 Ohio App. LEXIS 6007, at 10, citing GrantThorton v. Windsor House (1991), 57 Ohio St.3d 158, 161. In short, if appellants are incidental third-party beneficiaries, rather than intended third-party beneficiaries, then appellee does not owe them a duty to apply the proceeds in a pro rata fashion. See, e.g., Hill v. Sonitrol of Southwestern Ohio, Inc.
(1988), 36 Ohio St.3d 36, 40 [cite changed].
 {¶ 25} In Hill, the Ohio Supreme Court set forth the following analysis to determine whether a third party is an intended or incidental beneficiary:
 {¶ 26} "`[I]f the promisee * * * intends that a third party should benefit from the contract, then that third party is an "intended beneficiary" who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an "incidental beneficiary," who has no enforceable rights under the contract.
 {¶ 27} "`* * * [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary.'" Id. at 40, quoting Norfolk W. Co. v. UnitedStates (C.A. 6, 1980), 641 F.2d 1201, 1208.
 {¶ 28} Courts have looked to the language of a contract to determine whether the contract was made for the direct or incidental benefit of a third party. Lin v. Gatehouse Constr.Co. (1992), 84 Ohio App.3d 96, 100.
 {¶ 29} Here, appellants argue that appellee's knowledge of their co-ownership of the manufactured home and boat should have created a reasonable expectation that the proceeds should be distributed pro rata. However, appellants fail to present any evidence showing appellee intended that appellants benefit from the group life insurance policy. Our examination of the policy language also fails to demonstrate that appellee intended that appellants benefit from Terry's group life insurance. Thus, appellants are not intended third-party beneficiaries.
 {¶ 30} That being said, our examination of the insurance policy also fails to establish any ambiguity. The policy specifies who is insured, the manner in which the coverage is triggered, and who is entitled to any excess insurance proceeds. The absence of a priority list of how to apply the proceeds does not represent an ambiguity. To the contrary, this merely reinforces the fact that appellee did not intend for the policy to benefit anyone other than the insured.
 {¶ 31} Moreover, because appellants are not a party to the insurance contract, we are precluded from interpreting any ambiguity in their favor and to the detriment of the contracting parties, i.e., CUNA, appellee, and Terry. See, e.g., WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶49. Thus, even assuming there was an ambiguity, the ambiguous language would be read in favor of appellee rather than appellants.
 {¶ 32} Based upon the foregoing analysis, appellants are not intended third-party beneficiaries of the group life insurance policy. Accordingly, appellee did not owe appellants a duty to distribute Terry's insurance proceeds in a pro rata fashion.
 {¶ 33} Appellants' two assignments of error are without merit. We hereby affirm the judgment of the trial court.
Grendell, J., Rice, J., concur.