HILL ET AL., APPELLANTS, *v.*
SONITROL OF SOUTHWESTERN OHIO, INC. ET AL., APPELLEES.

[Cite as Hill *v.* Sonitrol of Southwestern Ohio, Inc. (1988),
36 Ohio St. 3d 36.]

(No. 86-2088—Decided April 6, 1988.)

*Jablinski, Folino, Roberts, Schultz & Martin Co., L.P.A., Ronald E. Schultz* and *David S. Jablinski,* for appellants.

*Freund, Freeze & Arnold, Neil F. Freund* and *Shauna K. McSherry,* for appellee Sonitrol of Southwestern Ohio, Inc.

*Porter, Wright, Morris & Arthur, Thomas H. Pyper* and *Michael E. Solimine,* for appellee Sonitrol Corporation.

MOYER, C.J. Appellants present the following three issues for our determination: whether a security alarm system company owes a duty of protection to the employee of a commercial establishment under a contract between the commercial establishment and the security alarm system company for the protection of the commercial establishment after it is closed for the day; whether the employee is a third-party intended beneficiary or an incidental beneficiary of the contract; and whether one who undertakes, gratuitously or for consideration, to render services to another which affect a third person is liable to the third person for physical harm resulting from his failure to protect his undertaking. For the following reasons, we affirm the judgment of the court of appeals.

## I

Appellants' first contention is that because Sonitrol knew that Mrs. Hill was still inside the store when the alarm rang at its headquarters, it was foreseeable that harm would result to her and that therefore Sonitrol had a duty to promptly investigate. In *Gelb-*

*man* v. *Second Natl. Bank of Warren* (1984), 9 Ohio St. 3d 77, 78, 9 OBR 280, 281, 458 N.E. 2d 1262, 1263, the court noted that "[i]n Ohio it is well-settled that liability in negligence will not lie in the absence of a special duty owed by the defendant."

To determine whether any duty existed, we must look to the contract between Sonitrol and Mrs. Hill's employer. The contract stated in part:

"3. Sonitrol agrees to monitor the premises of Client described above *from the time that an authorized closing call is received by Sonitrol at its monitoring station and the Client activates the system, if the Client is provided with this capability, until the time an authorized opening call is received by Sonitrol at said monitoring station.* Upon receipt of an audio signal indicating an unauthorized entry of Client's premises, the Sonitrol operator will make every reasonable effort to identify the sound and when warranted, will transmit notice of said signal to the local police authority, and to a designated agent of the Client. * * *

"* * *

"10.a. *IT IS UNDERSTOOD AND AGREED BY THE PARTIES HERETO THAT SONITROL IS NOT AN INSURER AND THAT INSURANCE, IF ANY, COVERING PERSONAL INJURY AND PROPERTY LOSS OR DAMAGE ON CLIENT'S PREMISES SHALL BE OBTAINED BY CLIENT; THAT THE PAYMENTS PROVIDED FOR HEREIN* ARE BASED SOLELY ON THE VALUE OF THE SERVICE AS SET FORTH HEREIN AND *ARE UNRELATED TO THE VALUE OF CLIENT'S PROPERTY OR THE PROPERTY OF OTHERS LOCATED ON CLIENT'S PREMISES;* THAT SONITROL MAKES NO GUARANTEE OR WARRANTY INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS THAT THE SYSTEM OR SERVICE SUPPLIED WILL AVERT OR PREVENT OCCURRENCES OR THE CONSEQUENCES THEREFROM WHICH THE SYSTEM OR SERVICE IS INTENDED TO DETECT OR AVERT; EXCEPT FOR THE PROVISIONS OF THE 'SONITROL SECURITY SYSTEM WARRANTY' AS IT MAY APPLY TO ANY LOSS OCCURRING WHILE THIS AGREEMENT IS IN FORCE AND IF SUCH WARRANTY IS IN EFFECT IN CONJUNCTION WITH THIS AGREEMENT.

"* * *

"d. IN THE EVENT THAT THE CLIENT WISHES SONITROL TO ASSUME GREATER LIABILITY, CLIENT MAY, AS A MATTER OF RIGHT, OBTAIN FROM SONITROL A HIGHER LIMIT BY PAYING AN ADDITIONAL AMOUNT TO SONITROL, AND A RIDER SHALL BE ATTACHED HERETO SETTING FORTH SUCH HIGHER LIMIT AND ADDITIONAL AMOUNT, BUT THIS ADDITIONAL OBLIGATION SHALL IN NO WAY BE INTERPRETED TO HOLD SONITROL AS AN INSURER.

"e. WHEN CLIENT IN THE ORDINARY COURSE OF BUSINESS HAS THE PROPERTY OF OTHERS IN HIS CUSTODY, OR THE ALARM SYSTEM EXTENDS TO PROTECT THE PROPERTY OF OTHERS, CLIENT AGREES TO AND SHALL INDEMNIFY, DEFEND AND HOLD HARMLESS SONITROL, ITS EMPLOYEES AND AGENTS FOR AND AGAINST ALL CLAIMS BROUGHT BY PARTIES OTHER THAN THE PARTIES TO THIS AGREEMENT. THIS PROVISION SHALL APPLY TO ALL CLAIMS REGARDLESS OF CAUSE INCLUDING SONITROL'S PERFORMANCE OR FAILURE TO PERFORM AND INCLUDING DE-

FECTS IN PRODUCTS, DESIGN, INSTALLATION, MAINTENANCE, OPERATION OR NON-OPERATION OF THE SYSTEM WHETHER BASED UPON NEGLIGENCE, ACTIVE OR PASSIVE, WARRANTY, OR STRICT OR PRODUCT LIABILITY ON THE PART OF SONITROL, ITS EMPLOYEES OR AGENTS, BUT THIS PROVISION SHALL NOT APPLY TO CLAIMS FOR LOSS OR DAMAGE SOLELY AND DIRECTLY CAUSED BY AN EMPLOYEE OF SONITROL WHILE. ON CLIENT'S PREMISES." (Emphasis added.)

"The existence of a duty depends on the foreseeability of the injury." *Menifee* v. *Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 180, 472 N.E. 2d 707, 710, citing *Ford Motor Co.* v. *Tomlinson* (C.A. 6, 1956), 229 F. 2d 873, 59 O.O. 345; *Gedeon* v. *East Ohio Gas Co.* (1934), 128 Ohio St. 335, 190 N.E. 924. The court in *Menifee* employed the following test for foreseeability: "whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Menifee, supra,* at 77; 15 OBR at 180, 472 N.E. 2d at 710, citing *Freeman* v. *United States* (C.A. 6, 1975), 509 F. 2d 626; *Thompson* v. *Ohio Fuel Gas Co.* (1967), 9 Ohio St. 2d 116, 38 O.O. 2d 294, 224 N.E. 2d 131; *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31, 41 O.O. 117, 90 N.E. 2d 859.

Under this test of foreseeability, we hold that Sonitrol could not have reasonably anticipated or contemplated protection of employees after the store closed for business. As the clear terms of the contract between Mrs. Hill's employer and Sonitrol indicate, the contract was intended to protect *the property after all employees had left.* The contract clearly was not for the protection of employees such as Mrs. Hill. Mrs. Hill's complaint and deposition also fail to demonstrate that there was any intention to provide protection for employees such that a reasonably prudent person would have anticipated her injury.

Further support for our holding in this case can be found in *Gelbman, supra.* In that case, the court addressed the issue of the duty of a business to protect third parties from the actions of others. The court, in reaching the conclusion that absent a special relationship between the parties created by statute or judicial determination no duty exists, adopted Sections 314 and 315 of the Restatement of the Law 2d, Torts (1965) 116, 122. Section 314 states:

"The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action."

Section 315 states:

"There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

"(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

"(b) a special relation exists between the actor and the other which gives to the other a right to protection."

There is no statutory duty on Sonitrol's part to protect Mrs. Hill, and the contract between Mrs. Hill's employer and Sonitrol did not impose such a duty. Even if Sonitrol had realized or should have realized that action was necessary to protect Mrs. Hill, under Section 314, it had no duty to do so. We therefore affirm the judgment of the court of appeals on the issue of duty, holding that, where a security

alarm system company contracts to provide security services for the protection of a commercial establishment upon notification by an employee that the commercial establishment is closed for the day and after the alarm system has been activated, the security company cannot reasonably anticipate or contemplate that it has a duty to protect an employee of the commercial establishment and therefore owes no duty of protection to the employee.

## II

Appellants next urge this court to find that Mrs. Hill was more than an incidental beneficiary of the contract between Sonitrol and her employer. We adopt the statement of law with respect to intended and incidental beneficiaries found in Section 302 of the Restatement of the Law 2d, Contracts (1981) 439-440. Section 302 states:

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

"(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

"(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

"(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary."

Comment e to Section 302 states:

"Performance of a contract will often benefit a third person. But unless the third person is an intended beneficiary as here defined, no duty to him is created. * * *"

In *Norfolk & Western Co.* v. *United States* (C.A. 6, 1980), 641 F. 2d 1201, 1208, the United States Court of Appeals for the Sixth Circuit, applying Ohio law, explained the "intent to benefit" test, a test used to determine whether a third party is an intended or incidental beneficiary:

"* * * Under this analysis, if the promisee * * * intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract.

"* * * [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary."

Applying this test to the present case, we find that, under a contract for the protection of a commercial establishment by a security alarm system company after the commercial establishment is closed for the day, an employee of the commercial establishment is merely an incidental beneficiary of the contract. The clear terms of the contract indicate that the contract was entered into for the protection of property, not people. The alarm system did include a "panic button" that could be activated by a person while in the building. Mrs. Hill argues that this fact indicates that the alarm system was intended to protect not only property but human lives as well. Assuming her argument is reasonable, it does not follow that the panic button was in any way a factor to be considered in determining Sonitrol's duty to Mrs. Hill, given the facts of this case. The system was designed to become operative only

*after* the store was vacated by store employees such as Mrs. Hill. Mrs. Hill, therefore, was not intended to benefit from the contract.

Other courts have reached a similar conclusion. In *Bernal* v. *Pinkerton's, Inc.* (1976), 52 App. Div. 2d 760, 382 N.Y. Supp. 2d 769, affirmed (1977), 41 N.Y. 2d 938, 394 N.Y. Supp. 2d 638, 363 N.E. 2d 362, the court held that a telephone company employee, shot at work by an intruder who allegedly entered through a gate left unguarded by an employee of the defendant security service providing protection services to the telephone company, was not a third-party beneficiary of the contract between her employer and the defendant. The court stated: "It cannot be said as a matter of law that it was the intention of the parties under this contract to provide for the protection of plaintiff. In our view, plaintiff as a matter of law was not a third-party beneficiary of said contract * * *. The defendant was hired to protect the New York Telephone Company's facilities and buildings, not to protect plaintiff from physical injury." (Citations omitted.) *Bernal, supra,* at 761, 382 N.Y. Supp. 2d at 770.

Upon facts similar to those in the case *sub judice,* the same conclusion was reached in *Nieves* v. *Holmes Protection, Inc.* (1982), 88 App. Div. 2d 506, 450 N.Y. Supp. 2d 387, affirmed (1982), 56 N.Y. 2d 914, 453 N.Y. Supp. 2d 430, 438 N.E. 2d 1145, and *Paradiso* v. *Apex Investigators & Security Co.* (1983), 91 App. Div. 2d 929, 458 N.Y. Supp. 2d 234. In *Nieves,* the manager of a check-cashing business was accosted outside the business by a robber. The manager had followed the usual procedure for activating the burglar alarm system installed and maintained by the defendant security alarm company, waited for the ringing

call-back signal to confirm that the system was activated, and left the store. Outside, the robber forced him back into the store and directed him to open the safe.

When the safe was opened, the control center at the defendant's office activated the ring-back signal and the control box in the store began to ring erratically. The startled robber jumped back, discharging his gun and injuring the plaintiff. The plaintiff filed suit against the defendant for negligence in operating what should have been a silent alarm system. At the conclusion of defendant's case, the trial court dismissed the complaint and concluded that, under the contract between the defendant and the check-cashing company, plaintiff was not an intended third-party beneficiary; that defendant was required only to furnish an alarm system and was not an insurer of either the property of the plaintiff's employer or the safety of its employees; and that there was no evidence, and thus it would be mere speculation, that the ring-back signal was the proximate cause of the shooting.

In *Paradiso, supra,* the court held that a supermarket manager was not a third-party beneficiary of the contract between the supermarket and the defendant security company providing security guards and services for the market. Therefore, the security company was not liable for injuries the manager sustained during an armed robbery.

It is well-settled that "[a]n incidental beneficiary under a contract to which he is not a party may not recover from the promisor." *Visintine & Co.* v. *New York, Chicago & St. Louis RR. Co.* (1959), 169 Ohio St. 505, 507, 9 O.O. 2d 4, 5, 160 N.E. 2d 311, 313, citing *St. Clair* v. *Williams* (1836), 7 Ohio, Part II, 110; *Blunk* v. *Dennison*

*Water Supply Co.* (1905), 71 Ohio St. 250, 73 N.E. 210; *Cleveland Window Glass & Door Co.* v. *National Surety Co.* (1928), 118 Ohio St. 414, 161 N.E. 280. It follows that, because Mrs. Hill was only indirectly and incidentally benefited by the contract between her employer and Sonitrol, she has no right of action against Sonitrol.

## III

Appellants urge this court to adopt Section 324A of the Restatement of the Law 2d, Torts (1965) 142. Section 324A states that:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of the reliance of the other or the third person upon the undertaking."

Section 324A was recently cited by the Illinois Supreme Court in *Scott & Fetzer Co.* v. *Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 98 Ill. Dec. 1, 493 N.E. 2d 1022. That case arose from a fire in Montgomery Ward's warehouse. When the fire alarm and sprinkler system malfunctioned, fire spread to an adjacent tenant's property. Eventually, a fire alarm signal was transmitted to the alarm service's central office, but the alarm service allegedly delayed notifying the fire department about the fire. By the time the fire department arrived, the fire was no longer containable. As a result, the adjoining warehouse and its contents were destroyed.

The adjoining tenants brought actions in tort against the alarm service company. The Illinois Supreme Court held that, under Section 324A(c), Montgomery Ward's reliance on the alarm service created a duty in the alarm service company to the tenants adjacent to Montgomery Ward. Even if we were to adopt Section 324A(c), the present case is clearly distinguishable. Mrs. Hill claims that she is entitled to recovery under Section 324A(c) because she relied on the alarm system. Mrs. Hill, however, never stated in her complaint or deposition that her employer relied on Sonitrol for protection of its employees. Mrs. Hill also did not claim any reliance on Sonitrol for her own protection in her complaint or deposition. She has raised this contention only on appeal. The facts simply do not support her contention that she relied on the alarm system for her own protection.[1] The alarm system in the present case was designed for the protection of property, not people. Mrs. Hill testified that the system was activated only upon her closing and leaving the store. Therefore, she could not have relied on the system for her own pro-

---

[1] For analogous cases in which other courts found no liability on the part of an employer's workers' compensation carrier to an employee under Section 324A where the insurer's duty to inspect the workplace was limited in scope and the injured employee showed no reliance on inspections, see *Stacy* v. *Aetna Cas. & Sur. Co.* (C.A. 5, 1973), 484 F. 2d 289; *Kennard* v. *Liberty Mut. Ins. Co.* (La. App. 1973), 277 So. 2d 170; *Evans* v. *Liberty Mut. Ins. Co.* (C.A. 3, 1968), 398 F. 2d 665; *Tillman* v. *Travelers Indemn. Co.* (C.A. 5, 1975), 506 F. 2d 917.

tection. Further, as the court of appeals noted, the system was not a service that Sonitrol and Sonitrol Corporation should have recognized as necessary for the protection of third persons such as Mrs. Hill.

This case is governed by Sections 314 and 315 of the Restatement of the Law 2d, Torts, *supra*. Under those sections, unless a special relationship between a defendant and a plaintiff-third party is created by statute or judicial determination, no duty may be imposed upon the defendant to protect the third person. *Gelbman* v. *Second Natl. Bank of Warren, supra*. We therefore affirm the trial court's grant-

ing of summary judgment in favor of Sonitrol.

As appellee Sonitrol Corporation correctly points out, none of the issues raised on appeal explicitly implicates actions by it, the manufacturer of the security alarm system. However, for the same reasons discussed above, we affirm the granting of summary judgment as to Sonitrol Corporation.

*Judgment affirmed.*

LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.