OPINION
{¶ 1} Plaintiff-appellant, Nationwide Mutual Fire Insurance Company ("Nationwide"), appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Mark and Nicole Butterfield, concerning an alleged breach of an insurance contract.[1] affirm.
 {¶ 2} On July 30, 2001, Mark Butterfield was injured in an accident caused by the negligence of Ricky Logan, an employee of Premier. Logan was working within the scope of his employment when the accident occurred. Nationwide was Butterfield's insurer. In August and September, Nationwide issued checks totaling $23,658.80 to Butterfield and his attorney jointly for property damage losses incurred as a result of the accident. Nationwide paid an additional $1,179.17 to Butterfield and his attorney for Butterfield's medical expenses.
 {¶ 3} On October 15, 2001, Butterfield and his wife, Nicole, filed suit in the Butler County Court of Common Pleas against Premier and Logan seeking to recover damages for personal injuries that resulted from the accident. Nationwide was unaware of the Butterfields' suit.
 {¶ 4} In early 2002, Nationwide contacted Premier to notify it of Nationwide's subrogated interest. Premier referred Nationwide to Premier's claims service, W.E. Love Associates. During the course of the year, Nationwide and W.E. Love 
Associates discussed settling Nationwide's claim.
 {¶ 5} In June 2003, the Butterfields, Premier, and Logan entered into a settlement agreement. The agreement included language stating that it was intended to resolve all of Butterfields' claims against Premier and Logan and to cover any damages resulting from the accident. The Butterfields warranted that they had not granted a subrogated interest or in any way transferred their rights to any portion of their claim. When the agreement was entered, however, the Butterfields had received payments for both property damage and medical expenses from Nationwide. The Butterfields' suit was voluntarily dismissed with prejudice.
 {¶ 6} On July 7, 2003, Nationwide filed suit against Premier and Logan to recover the amount of its subrogated claim. Premier and Logan informed Nationwide of the Butterfield settlement agreement. They asserted that the claim had already been determined and Nationwide should be precluded from pursuing the cause of action against them under the doctrine of res judicata.[2] Nationwide amended its complaint to include the Butterfields as defendants.
 {¶ 7} The Butterfields filed a motion to dismiss Nationwide's complaint, which the trial court converted into a motion for summary judgment. The trial court granted summary judgment in favor of the Butterfields, finding that Nationwide was not a third party beneficiary of the Butterfields' settlement agreement. The court also found that Nationwide could not recover under a breach of contract claim. Nationwide now appeals raising six assignments of error. For ease of analysis and clarity, the assignments will be considered out of order, and when appropriate, together.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE LOWER COURT ERRED AS A MATTER OF LAW IN FAILING TO FIND THE BUTTERFIELDS BREACHED THEIR INSURANCE POLICY WITH NATIONWIDE, AND WERE THEREFORE LIABLE FOR THE AMOUNT OF NATIONWIDE'S SUBROGATION CLAIM."
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE LOWER COURT ERRED IN HOLDING THAT THE POLICY SECTION GOVERNING THE INSURED'S DUTIES WERE ALL CONDITIONS PRECEDENT TO PAYMENT FOR WHICH NATIONWIDE COULD NOT RECOVER UPON A BREACH THEREOF."
 {¶ 12} Assignment of Error No. 3:
 {¶ 13} "THE LOWER COURT ERRED IN HOLDING THAT NATIONWIDE WAIVED ANY CONDITIONS PRECEDENT."
 {¶ 14} Assignment of Error No. 5:
 {¶ 15} "THE LOWER COURT ERRED IN FAILING TO APPLY THE UM PROVISIONS OF NATIONWIDE'S POLICY."
 {¶ 16} In these assignments of error, appellant argues that the trial court erred when it found the Butterfields did not breach the contract provisions of their insurance policy. Specifically, Nationwide claims that the appellees were obligated to comply with the policy's subrogation provision, which states the insured "will do nothing to prejudice" the insurer's subrogation rights.
 {¶ 17} An appellate court reviews a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. The trial court's judgment is reviewed independently and without deference to its determination. Id.
 {¶ 18} Civ.R. 56(C) provides in part that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in its favor. See Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 19} In its appellate brief, Nationwide states that its breach of contract arguments are premised upon whether the Butterfields acted in any way that prejudiced Nationwide's subrogation rights in a claim against Premier and Logan. InNationwide Mut. Fire Ins. Co. v. Logan, Butler App. No. CA2005-07-206, this court, in affirming the trial court's grant of summary judgment in favor of Nationwide, held that Nationwide could pursue its subrogation claim against Premier and Logan. Because Nationwide's claim has not been prejudiced, the first, second, third, and fifth assignments of error are moot.
 {¶ 20} Assignment of Error No. 4:
 {¶ 21} "THE LOWER COURT ERRED IN FAILING TO AWARD NATIONWIDE JUDGMENT AGAINST THE BUTTERFIELDS FOR THE MEDICAL PAYMENTS THEY RECEIVED FROM NATIONWIDE."
 {¶ 22} In the fourth assignment of error, appellant argues that the trial court should have awarded Nationwide recovery of $1,179.17 that was issued to Butterfield for medical expenses because the Butterfields received $750,000 to settle their personal injury claim with Premier and Logan. The trial court stated in its summary judgment order that the Butterfields stipulated that they will reimburse Nationwide for that amount. Appellees confirm this issue is not in dispute and have agreed to repay Nationwide $1,179.17.
 {¶ 23} The trial court did not err when it stated that the Butterfields stipulated to reimburse Nationwide for the medical payments. The fourth assignment of error is overruled.
 {¶ 24} Assignment of Error No. 6:
 {¶ 25} "THE LOWER COURT ERRED IN FAILING TO HOLD THAT NATIONWIDE WAS A THIRD-PARTY BENFICIARY [sic] TO THE BUTTERFIELDS SETTLEMENT AGREEMENT WITH LOGAN AND PREMIER."
 {¶ 26} In the sixth assignment of error, Nationwide argues that the trial court erred when it found Nationwide was not a third-party beneficiary to the settlement agreement between the Butterfields, Logan and Premier. Nationwide contends that it is an intended beneficiary of the Butterfields' promised performance to pay or be responsible for subrogation claims against Premier that may arise from their alleged injuries, damage, the accident, or the lawsuit.
 {¶ 27} Only a party to a contract or an intended third-party beneficiary — and not an incidental beneficiary — may bring an action to enforce a contract. Hill v. Sonitrol of SouthwesternOhio, Inc. (1988), 36 Ohio St.3d 36, 40-41; Visintine Co. v.New York, Chicago St. Louis RR. Co. (1959), 169 Ohio St. 505,507. The third party need not be named in the contract; however, to recover on a breach of contract claim, "it must be shown that the contract was made and entered into with the intent to benefit the third person." Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193, 196. Merely conferring some benefit on one who claims to be a beneficiary by performing under the terms of a contract is insufficient, "rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary."Hill at 40, quoting Norfolk Western Co. v. United States
(C.A.6, 1980), 641 F.2d 1201, 1208.
 {¶ 28} Nationwide bases its argument on the following language from the settlement agreement:
 {¶ 29} "LIENS, SUBROGATION CLAIMS AND OTHER CLAIMS. THE BUTTERFIELDS will pay or otherwise be responsible for all liens, subrogation claims, assignments or other claims which are currently filed or may be filed against PREMIER TRANSPORTATION regarding the proceeds of this settlement by any person, insurer, corporation, or government entity. THE BUTTERFIELDS specifically represent and agree that they will be responsible for resolving those and any other liens or claims arising or which may arise as a result of or in any way connected with their alleged injuries or damages, the Accident or the Lawsuit."
 {¶ 30} In this case, we find that under the settlement agreement, Nationwide is merely an incidental beneficiary of the contract. The trial court did not err when it found that this provision in the settlement agreement was designed to benefit Premier by allocating the responsibility to pay for subrogated claims arising from the accident to the Butterfields. Premier and Logan, the promisees, owed no duty to Nationwide. Nothing in the record supports the notion that they intended to give Nationwide any benefit associated with the Butterfields' promise to resolve or pay any subrogation claims. As a matter of law, Nationwide is not a third-party beneficiary to the Butterfields' settlement agreement. Accordingly, the sixth assignment of error is overruled.
 {¶ 31} Judgment affirmed.
Walsh and Young, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.
[2] The trial court separately addressed a motion for summary judgment by Premier and Logan and a cross-motion for summary judgment by Nationwide. The trial court granted the motion in favor of Nationwide and that judgment is the subject of an appeal. See Nationwide Mut. Fire Ins. Co. v. Logan, Butler App. No. CA2005-07-206.