OPINION *Page 2 
{¶ 1} Appellant, State Automobile Mutual Insurance Company ("State Auto"), appeals from the final judgment entered by the Trumbull County Court of Common Pleas holding them liable to appellee, Helen Verina ("Verina"), under a "License or Permit Bond" issued to A.J. Gumino Contractors ("Gumino"), at the behest of the Trumbull County Board of Health ("the Board"), on a septic tank installation job which was never completed. For the reasons herein, the judgment of the trial court is reversed and the matter is remanded.
 {¶ 2} On July 15, 2004, in an effort to comply with the terms of a real estate contract, Verina contracted with Gumino to install an off-lot septic system. Verina paid Gumino $4,500 of the $9,000 contract price prior to commencement of work. Pursuant to Trumbull County General Health District Household Sewage Treatment System Regulation Section 3701-29-04, the Board issued Gumino an installation permit in connection with the Verina contract. On November 18, 2004, as required by the Board, Gumino obtained a $20,000 "License or Permit Bond" from State Auto. According to the bond contract, Gumino was designated as the "principal" and State Auto was the surety who was "held and firmly bound" to the Board, the sole listed obligee. The term of this bond ran from January 1, 2004 to December 31, 2004.
 {¶ 3} Effective January 1, 2005, State Auto renewed the 2004 bond, executing a separate bond form, for a stated term of one year, from January 1, 2005 through December 31, 2005. The bond provided, in relevant part:
 {¶ 4} "WHEREAS, the said Obligee has granted or is about to grant unto the said Principal a License or Permit to engage in the business of Septic Tank Installer. *Page 3 
 {¶ 5} "NOW, THEREFORE, if the said Principal shall indemnify the Obligee against any loss directly arising by reason of the failure to comply with the laws, ordinances, resolutions, rules, and regulations governing the business of Septic Tank Installer in said Board of Health, Trumbull County then this obligation shall be void, otherwise to be and remain in full force and effect." (Emphasis sic.)
 {¶ 6} Gumino began work on the Verina contract but failed to complete the installation. At no point did Gumino issue Verina a refund on her $4,500 deposit.
 {¶ 7} On January 26, 2005, plaintiffs, David J. and Elizabeth A. Wamsley, the purchasers of the property on which Verina agreed to install the septic system, filed suit against Verina for specific performance (i.e., installation of the septic system) under the real estate contract. On March 25, 2004, Verina filed an answer and third party complaint naming Gumino as a third party defendant. The third party complaint alleged damages arising out of Verina's contract with Gumino. Gumino did not make an appearance or file an answer. The trial court accordingly entered a default judgment against Gumino. At the time this appeal was filed, Verina had not sought execution of that judgment.
 {¶ 8} On September 21, 2005, Verina's counsel provided the Board with notice of a possible claim against State Auto's bond for Gumino's breach of the Gumino/Verina contract. On September 26, 2005, the Board asserted a claim against the bond for "monies paid to Gumino to repair/replace an improperly installed household sewage treatment system * * *" vis-à-vis the Gumino/Verina contract. The Board additionally issued a "Notice of Violation" to Gumino claiming he was in violation of O.A.C. *Page 4 
Section 3701-29-04(F) and Trumbull Regulation Section 3701-29-04(F) for allowing his permit to expire prior to completion of the work.[1]
 {¶ 9} Notwithstanding the citation, the Board ultimately ceased pursuit of its claim under the bond. On November 16, 2005, State Auto filed a motion to intervene in the underlying action after being informed of Verina's intent to make a claim on the bond for Gumino's alleged violations of O.A.C. and Trumbull Regulation 3701-29-04(F). On January 27, 2006, Verina amended her third party complaint asserting claims against State Auto as a third party beneficiary under the bond. She sought damages in the amount of $9,000 and a declaration holding State Auto directly liable to her under the bond.
 {¶ 10} On September 19, 2006, State Auto filed a motion for summary judgment on Verina's claims. In lieu of responding, Verina filed a motion to amend her third party complaint. The court granted the motion and, on November 16, 2006, Verina filed the amended third party complaint to which State Auto timely responded on December 4, 2006.
 {¶ 11} On October 9, 2007, State Auto filed a motion for summary judgment relating to Verina's amended complaint. On November 15, 2007, Verina filed her own motion for summary judgment with her brief in opposition to State Auto's motion for summary judgment. On February 29, 2008, an oral hearing was held on the parties' motions. On March 7, 2008, the trial court granted Verina's motion for summary *Page 5 
judgment ruling she had rights as a third party beneficiary under the bond. In its judgment entry, the trial court observed:
 {¶ 12} "[T]he Court is at a complete loss as to how the Board of Health, a governmental political subdivision with immunity protection and the like, could realistically be a regular claimant under this bond, without acting on behalf of the property owner who suffers because of a licensed installers' [sic] failure to follow the rules and regulations `governing the business of septic tank installers.' * * * The Court is not persuaded that this bond is intended by the Board of Health to be the sole obligee for only cases where the Board of Health is damaged without regard to the protection of the homeowner's rights."
 {¶ 13} The trial court also determined that the language of the bond was ambiguous and therefore concluded the provisions must be strictly construed against State Auto. The trial court continued:
 {¶ 14} "[T]he regulations (3702-29-05(B)) provide that TCGHD may warrant a bond claim should corrective action be required by the Board of Health.' Nowhere in this language is it required that the Board of Health provide for the corrective action itself. Regardless, the Court finds that corrective action against a septic tank installer inherently contemplates the protection of the homeowner who hired that septic tank installer and this Court disagrees with State Auto that said homeowner is not an intended beneficiary of the bond claim or that the homeowner's protection is not contemplated by these regulations."
 {¶ 15} As a result of its conclusions regarding State Auto's liability, the trial court awarded Verina damages in the amount of $9,000 "plus interest at the statutory rate." *Page 6 
State Auto perfected a timely appeal and now raises three assignments of error for this court's consideration.
 {¶ 16} State Auto's first and second assignments of error are related and shall be addressed together. They allege, respectively:
 {¶ 17} "[1.] The Trial Court erred, contrary to law, in finding that Appellee was an intended third party beneficiary under the bond.
 {¶ 18} "[2.] The Trial Court erred, contrary to law, in its interpretation of the bond language."
 {¶ 19} Under its first and second assignments of error, State Auto asserts, generally, the trial court abused its discretion in finding the bond contract ambiguous and, moreover, erred as a matter of law in finding Verina was a third party beneficiary under the bond.
 {¶ 20} Although the trial court granted summary judgment in Verina's favor, in so doing, it concluded the "License or Permit Bond" issued by the surety, State Auto, was ambiguous. Contractual terms are ambiguous if their meaning cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible to more than one interpretation. United States Fid. Guar. Co. v. St. Elizabeth Med.Ctr. (1998), 129 Ohio App.3d 45, 55. When a court concludes terms of a contract are ambiguous, the interpretation of those terms constitutes a question of fact. Center Ridge Ganley, Inc. v Stinn (1987),31 Ohio St.3d 310, 314. A reviewing court will not overturn the trial court's interpretation of facts save an abuse of discretion. Ohio HistoricalSoc. v. Gen. Maintenance Eng. Co. (1989), 65 Ohio App.3d 139, 147. Accordingly, we shall first assess whether the trial court's conclusion that the terms of the bond are ambiguous is *Page 7 
arbitrary, unreasonable, or otherwise unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} The bond explicitly references three parties: Gumino, as principal; State Auto, as surety; and the Board, as obligee. The bond recognizes that the Board has granted, or was about to grant, Gumino a license to install a septic tank. The bond clearly states that State Auto agrees to be "held and firmly bound" to the Board in the "penal sum" of $20,000 under the terms of the bond. Finally, the bond provides:
 {¶ 22} "* * * [I]f the said Principal shall indemnify the Obligee against any loss directly arising by reason of the failure to comply with the laws, ordinances, resolutions, rules, and regulations governing the business of Septic Tank Installer in said Board of Health, Trumbull County then this obligation shall be void, otherwise to be and remain in full force and effect."
 {¶ 23} In its judgment entry, the trial court drew the affirmative conclusion that the language of the bond "[a]t a bare minimum, * * * creates an ambiguity, which must be resolved against [State Auto]." However, the court did not specifically point to or elaborate on the language or clause(s) it believed rendered the bond ambiguous. The trial court determined that any claim made by the Board against the bond for the principal's failure to comply with the "laws, ordinances, resolutions, rules, and regulations" governing septic system installation would invariably implicate a loss suffered by a private party. In the trial court's opinion, a claim made by the Board will always, simultaneously, benefit a private property owner who suffers loss due to the principal's acts or omissions. Thus, according to the trial court, private parties are essentially functional obligees under the bond with standing to make claims for their *Page 8 
losses which are occasioned by the principal's violations of the laws and regulations controlling septic system installation.
 {¶ 24} In order to reach the trial court's conclusion, we believe it was necessary for it to engage in a weighing of the evidence. Such is an exercise for the trier of fact. During a summary judgment exercise, all evidence must be construed in favor of the non-moving party to determine whether any genuine issues of material fact exist. Since there are competing, unresolved factual issues as set forth below, appellant's argument on this issue is sustained.
 {¶ 25} We shall next address whether the evidence, when viewed in a light most favorable to State Auto, gives Verina rights as a third party beneficiary under the bond. A third party beneficiary is one for whose benefit a promise is made, but who is not a party to the contract in which the promise is memorialized. Berge v. Columbus Community CableAccess (1999), 136 Ohio App.3d 281, 303. An intended beneficiary is an individual who has cognizable and therefore enforceable rights under a contract while an incidental beneficiary has no such rights. Hill v.Sonitrol of Southwestern Ohio (1988), 36 Ohio St.3d 36, 40. To be an intended beneficiary under a contract, the contract must be entered into with the intent to benefit that person. Berge, supra; see, also, Doe v.Adkins (1996), 110 Ohio App.3d 427, 436.
 {¶ 26} In its judgment entry, the trial court underscored its view that the Board's losses from an installer's prohibited acts or omissions in installing a household sewage system cannot be separated from the losses suffered by the private landowner. Thus, the court reasoned, when the Board makes a claim under the bond it is simply "acting on behalf of" a property owner who has suffered a loss from an installer's failure to *Page 9 
follow the appropriate regulations. While we agree with the trial court that a property owner may indeed suffer a loss from an installer's breach of the laws and regulations governing septic installation, it is not clear that the bond contract was entered into with the intent to cure such losses. It is important to reiterate in our de novo review that we are considering motions for summary judgment filed by each party. We are not in a position to weigh the evidence in the record. All of the evidence submitted must be viewed in a light favorable to the non-moving party. In that regard, there are several key factual issues that are not necessarily established by the record before us.
 {¶ 27} First, it is not entirely clear who drafted the language at issue. While the trial court resolves that State Auto drafted the language in question, it is not clear whether this language came from a form supplied by the Board or some other source.
 {¶ 28} Second, there is no clear testimony or evidence, when construed in favor of the non-moving party, whether the Board or State Auto intended Verina to be a third party beneficiary of the bond. The letter from the Board dated September 26, 2005, appears to make this contention when it informs State Auto that it is making a claim for "monies paid to Mr. Gumino to repair/replace an improperly installed household sewage treatment system located at 1743 Keefer Road, Liberty Township." One could assume that the Board would not present such a claim if it did not intend Verina to be a third party beneficiary under the bond, but there is nothing in the record that states the Board intended that at the time the bond was issued, and the Board apparently did not pursue this claim.
 {¶ 29} In order to draw a credible conclusion on this issue, some evidence of the purpose of the regulation requiring installers to obtain a bond is necessary. It may be *Page 10 
that the sole and only purpose of the bond is to protect the homeowner from a contractor who walks off the job. Alternatively, this may not be one of the purposes. Furthermore, the purpose of the bond may include protection of the homeowner or anyone who suffers loss from the principal's violation of the laws and regulations governing septic installation. There is no testimony or evidence from the Board or State Auto on this issue.
 {¶ 30} It is interesting to note in responding to a question at oral argument about what he believes is the purpose of the bond, counsel for State Auto acknowledged that if the Board had finished a non-compliant installation, State Auto would have to reimburse the Board under the terms of the bond. This would seem to suggest that even if Verina was not intended by State Auto to be a third party beneficiary, she was one in reality.
 {¶ 31} With the foregoing in mind, we hold the trial court erred when it determined, as a matter of law, Verina is an intended third party beneficiary under the bond. Given the competing evidence in the record, which must be construed in a light most favorable to State Auto, there is a genuine issue of material fact as to whether Verina is a third party beneficiary under the bond with standing to make a claim against the bond.
 {¶ 32} State Auto's first and second assignments of error are well taken.
 {¶ 33} State Auto's remaining assignment of error provides:
 {¶ 34} "The trial court erred in its damages award to Appellee."
 {¶ 35} Under its final assignment of error, State Auto argues the trial court erred in awarding $9,000 damages to Verina. Given our resolution of State Auto's first and *Page 11 
second assignments of error, it follows the trial court's damage award must also be reversed. We point out, however, we are at a loss as to how the trial court arrived at its damage figure. The record indicates Verina suffered actual monetary losses from Gumino's breach in the amount of $4,500. Even assuming Verina has third party beneficiary rights under the bond, the only specific loss she suffered from Gumino's breach is the $4,500 down payment which Gumino failed to return. Although the evidence will be weighed at trial, at this stage, viewing the evidence in a light most favorable to State Auto, the damages calculation is not supported by the evidence in the record.
 {¶ 36} For the reasons discussed in this opinion, we hold there are genuine issues of material fact surrounding whether Verina possesses third party beneficiary rights under the bond contract at issue. State Auto's three assignments of error have merit and, therefore, the judgment of the Trumbull County Court of Common Pleas is hereby reversed and remanded.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, P.J., dissents with a Dissenting Opinion.
[1] The O.A.C. 3701-29-04(F) provides: "An installation permit shall remain in force until completion of the household sewage disposal system or for one year from the date of issuance, whichever occurs first. The permit may be revoked or suspended by the board of health. An operation permit shall remain in force until it expires, is revoked or suspended by the board of health." The corollary Trumbull Regulation similarly provides: "An installation permit shall remain in force until completion of the HSTS or for one year from the date of issuance, whichever occurs first. The permit may be revoked or suspended by the Board of Health."