O’Donnell, J.,
concurring in judgment only.
{¶ 23} The issue in this case is whether Ohio Edison and Asplundh Tree Expert Company intended to make Huff and other members of the public third- *203 party beneficiaries of a contract that required Asplundh to conduct its work in a manner that adequately safeguarded “all persons” from injury. I agree with the majority that the parties did not intend to make Huff a third-party beneficiary of the contract and that she may not bring a claim against Ohio Edison or Asplundh for breach of that contract. However, I concur in judgment only because, in my view, the majority creates a new requirement that the intention to benefit a third party must be indicated in the terms of the contract. This is not the law in Ohio.
{¶ 24} In Hill v. Sonitrol of Southwestern Ohio, Inc. (1988), 36 Ohio St.3d 36, 521 N.E.2d 780, we adopted the test found in the Restatement of the Law 2d, Contracts (1981), to define the duty that the parties to a contract owe to a third-party beneficiary. Quoting Section 302 of the Restatement, we stated:
{¶ 25} “ ‘(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
{¶ 26} “ ‘(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
{¶ 27} “ ‘(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.’ ” (Emphasis added.) Hill at 40, 521 N.E.2d 780.
{¶ 28} Contrary to the holding of the majority as expressed in the syllabus in this ease, the plain language of Section 302 of the Restatement does not require the parties to a contract to indicate their intention to benefit a third party in the terms of the contract. As Professor John E. Murray Jr. explains in Corbin on Contracts, “The critical right of a third party is the right to sue the promisor. [However], the promisor and promisee will almost never state that intention explicitly. Nonetheless, the critical test is whether the language of the contract, the extrinsic evidence interpreting that language and all of the surrounding circumstances manifest an intention by the promisee and promisor to confer that right on the third party. If so, it is ‘appropriate’ for a court to recognize that right in the third party.” (Footnotes omitted.) 9 Corbin on Contracts (2007) 65-66, Section 44.6.
{¶ 29} Thus, courts applying the same Restatement test that we adopted in Hill recognize that “ ‘[a] court in determining the parties’ intention should consider the circumstances surrounding the transaction as well as the actual language of the contract.’ ” Subaru Distribs. Corp. v. Subaru of Am., Inc. (C.A.2, 2005), 425 F.3d 119, 124, quoting Restatement Section 302, Reporter’s Note, comment a; see also Pub. Serv. Co. of New Hampshire v. Hudson Light & Power Dept. (C.A.1,1991), 938 F.2d 338, 342; Beverly v. Macy (C.A.11, 1983), 702 F.2d 931, 940; Hickman v. SAFECO Ins. Co. of Am. (Minn.2005), 695 N.W.2d *204 365, 370; 13 Lord, Williston on Contracts 67-68, Section 37:8 (noting that most jurisdictions follow this rule). As the Eleventh Circuit Court of Appeals explained in Beverly, “when determining whether the parties to the contract intended to bestow a benefit on a third party, a court may look beyond the contract to the circumstances surrounding its formation.” 702 F.2d at 940.
{¶ 30} We have never held that the intention to benefit a third party must be indicated in the contract. In fact, the court in Anderson v. Olmsted Util. Equip., Inc. (1991), 60 Ohio St.3d 124, 573 N.E.2d 626, looked both to the terms of the contract and to extrinsic evidence of the intent of the parties to determine whether third parties could enforce the contract. In that case, the city of Niles had contracted with Olmsted Utility Equipment to inspect and repair the hydraulic arm of the city’s “cherry picker” truck before remounting it on a new truck. Anderson and Carlson, electrical linemen employed by the city, were subsequently injured when the arm faded and they fell to the ground. They sued Olmsted Utility Equipment, asserting that it had breached the express warranty made to the city.
{¶ 31} We rejected the argument that Anderson and Carlson were at most incidental beneficiaries of the contract, stating:
{¶ 32} “[I]n this case, it is clear to us that the city, as promisee, intended that Anderson and Carlson benefit from the contract. The specific terms of the contract provided that ‘[t]he City of Niles is interested in having this equipment rebuilt to 100% Holán specifications and safety.’ (Emphasis added.) In addition, when questioned at trial concerning the inspection and rebuilding of the aerial device, Charles Burgess, the superintendent of the city’s light department, testified that the purpose of rebuilding the aerial device was for safety of linemen who were to use the truck.
{¶ 33} “Indeed, Anderson and Carlson were not merely incidental beneficiaries but were, in all respects, intended beneficiaries under the contract.” Anderson, 60 Ohio St.3d at 130, 573 N.E.2d 626.
{¶ 34} Accordingly, the rule is not that “the contract must indicate an intention to benefit [the] third party.” Majority opinion at the syllabus. Rather, the test is whether “ ‘recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and * * * the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.’ ” Hill, 36 Ohio St.3d at 40, 521 N.E.2d 780, quoting Restatement Section 302.
{¶ 35} Here, the language of the contract and the circumstances surrounding its formation do not show that either Ohio Edison or Asplundh intended to give Huff the benefit of the promised performance. Since Huff is not a third-party beneficiary of the contract, she had no right to enforce its performance. I *205 therefore agree with the majority that the court of appeals’ judgment should be reversed because Huff is not a third-party beneficiary of the contract. However, because the majority modifies the third-party beneficiary rule in Ohio by requiring that the contract — rather than the surrounding circumstances — indicate an intention to benefit a third party, I concur in its judgment but not its statement of law.
Betras, Kopp & Harshman, L.L.C., and David Betras, for appellees.
Harrington, Hoppe & Mitchell, Ltd., and John T. Dellick, for appellant Ohio Edison Company.
Reminger Co., L.P.A., Clifford C. Masch, Brian D. Sullivan, and Martin T. Galvin, for appellant Asplundh Tree Expert Company.
Pfeifer, J., concurs in the foregoing opinion.