**[Cite as *In re Estate of Goode*, 2023-Ohio-4253.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:                                                    CASE NO. 9-23-12

THE ESTATE OF:
JUDITH GOODE, (JOANNE M. BROOKS,
ADMINISTRATOR)

[STATE OF OHIO, OHIO DEPARTMENT          O P I N I O N
OF MEDICAID - APPELLANT]

Appeal from Marion County Common Pleas Court
Probate Division
Trial Court No. 20 EST 00224

Judgment Affirmed

Date of Decision:  November 27, 2023

APPEARANCES:

  *Thomas P. Kemp* and *Charles E. Hatch* for Appellant

  *Matthew A. Mooney* for Appellee

**WILLAMOWSKI, J.**

{¶1} Appellant the Ohio Department of Medicaid ("the State") brings this appeal from the judgment of the Court of Common Pleas of Marion County, Probate Division denying the State reimbursement from the wrongful death settlement for expenses paid by Medicaid. The State relies upon an indemnification agreement between Appellee the Estate of Judith Goode, Joanne M. Brooks, Administrator ("the Estate") and Promedica Health System, Inc. and its subsidiaries ("Released Parties"). The State claims on appeal that the trial court erred in failing to determine that the terms of the settlement agreement required payment in full to the State. For the reasons set forth below, the judgment is affirmed.

{¶2} Judith Goode ("Goode") died on September 18, 2020. On November 23, 2020, the Estate was opened. The State sought reimbursement in the amount of $198,128.51 plus statutory interest for money expended through its Medicaid program on behalf of Goode.

{¶3} On June 3, 2022, the Estate requested that the trial court approve the provisional settlement and distribution of a wrongful death claim that had been brought by the Estate on behalf of Goode and her children. The Estate and the defendants in the case had reached a settlement and the Estate requested that 100% of the settlement be apportioned to the wrongful death portion of the claim rather than the survival portion. The State filed its memorandum in opposition to the

proposed allocation of damages on June 16, 2022. The State attached a copy of the confidential release and settlement agreement as Exhibit 12. The agreement contained a clause dealing with subrogated claims and liens.

### VII. SUBROGATED CLAIMS AND LIENS

Releasor agrees to pay the amount of any and all subrogated claims whatsoever, including, but not limited to, any claims or liens asserted by or on behalf of (or any judgments entered in favor of) any applicable healthcare providers, health insurance carriers, and/or governmental agencies, including but not limited to CMS, Medicare and/or Medicaid (collectively, "Subrogated Claims"). Releasor or Releasor's Attorneys shall set aside and hold in trust a sufficient amount from the settlement funds to satisfy any and all such Subrogated Claims and agrees that these funds will not be released to any other person, including to Releasor herself, until the liens have been satisfied fully from those funds.* * *

Releasor further agrees that she will indemnify the Released Parties, * * * and hold each harmless from any Subrogated Claims, including, but not limited to, Ohio Department of Medicaid's ("ODM's") existing claim on which judgment was entered in ODM's favor in the Court of Common Pleas of Marion County, OH in case number 2021-CV-0036 on January 21, 2022, and/or any claims for any medical and/or hospital payments made to or on behalf of Releasor or the decedent Judith Goode, by any healthcare plans, healthcare medical insurance companies or benefits from medical reimbursement programs or governmental agencies and any and all claims of subrogation by any insurers or governmental agencies arising by virtue of payments made to or on behalf of Releasor the decedent, Judith Goode, as a result of any injuries to and/or the death of Judith Goode stemming from the Incident and/or Litigation described above. * * *

Doc. 23, Exhibit 12. The Estate filed its reply to the State's memorandum on July 20, 2022. On August 18, 2022, the State filed a motion to enforce the terms of the settlement agreement interpreting them to mean the Estate must pay the full amount

of the money owed to the State. The Estate filed its response on August 30, 2022 claiming that the State had no right to enforce the agreement because it is not an intended third party beneficiary.

{¶4} A trial was held on this matter on January 9-10, 2023. On February 8, 2023, the trial court entered judgment approving the settlement. The trial court determined that the terms of the agreement does not require that the State be paid in full, but only up to that amount that it has a subrogated claim. The trial court then allocated the $400,000 with $46,100 to the Estate for the survival claim and the remainder to the wrongful death claim. The trial court further held that attorney fees and costs "shall not impact the amount allocated to the survival claim." Doc. 53 at 18. The State appealed from this judgment. On appeal, the State raises the following assignment of error.

> **The trial court erred as a matter of law when it failed to enforce the plain and unambiguous terms of a Confidential Release and Settlement Agreement which required payment, in full, of a judgment in favor of [the State].**

{¶5} The State in its assignment of error is essentially arguing that the trial court did not correctly interpret a contract. Before a determination about how to interpret the contract is made, this Court must first determine whether the State has a right to enforce the contract. "Only a party to a contract or an intended third-party beneficiary may bring an action on a contract." *Stride Studios, Inc. v. Alsfelder*, 1st Dist. Hamilton No. C-220395, 2023-Ohio-1502, ¶ 20, 219 N.E.3d 986. "It is well

established that a contract is binding only upon the parties to the contract and those in privity with them and that an action for breach of contract can only be maintained by the parties to the contract and those deriving rights from the contracting parties." *Am. Rock Mechanics, Inc. v. Thermex Energy Corp.*, 80 Ohio App.3d 53,58, 608 N.E.2d 830 (8th Dist. 1992). The Supreme Court of Ohio has addressed the issue of who is an intended third-party beneficiary and held as follows.

> In *Hill v. Sonitrol of Southwestern Ohio, Inc*. (1988), 36 Ohio St.3d 36, 40, 521 N.E.2d 780, we adopted the statement of law in Restatement of the Law 2d, Contracts (1981), Section 302. Section 302(1)(b) provides that "a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and * * * the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Comment e to Section 302 limits the creation of duties to third parties: "[U]nless the third person is an intended beneficiary as here defined, no duty to him is created."
>
> In applying this rule, we referred to *Norfolk & W. Co. v. United States* (C.A.6, 1980), 641 F.2d 1201. We adopted language from *Norfolk & W. Co.* explaining the "intent to benefit" test, which is used to determine whether a third party is an intended beneficiary of a contract: " 'Under this analysis, if the promisee * * * intends that a third party should benefit from the contract, then that third party is an "intended beneficiary" who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an "incidental beneficiary," who has no enforceable rights under the contract.' " *Hill* at 40, 521 N.E.2d 780, quoting *Norfolk & W. Co*. at 1208.
>
> Courts generally presume that a contract's intent resides in the language the parties chose to use in the agreement. *Shifrin v. Forest City Ents., Inc.* (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499. "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the

> language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." *Id.* at syllabus. Ohio law thus requires that for a third party to be an intended beneficiary under a contract, there must be evidence that the contract was intended to directly benefit that third party. Generally, the parties' intention to benefit a third party will be found in the language of the agreement.

*Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, ¶ 10-12, 957 N.E.2d 3. "Further, courts have noted that for a person to claim intended third party beneficiary status, the contracting parties must have entered into the contract for the primary purpose of that person." *Daley v. Fryer*, 3d Dist. Allen No. 1-17-48, 2015-Ohio-930, ¶ 33, 30 N.E.3d 213.

{¶6} In this case, the contract in question was a confidential release and settlement agreement between the Released Parties and the Estate. The State was not a party to this contract. Thus, to enforce it, the State must have the intended third-party beneficiary status. The State claims it obtains this status because of Section VII of the contract addressing subrogated claims and liens. The language of the contract does specify that the Estate will pay any subrogated claims or liens brought, including those brought by the State. However, the intent of this language was not to benefit the State, but to protect the Released Parties from further liability. Reviewing the contract as a whole, it does not indicate any intent to benefit the State or any other outside party. Thus, the State is merely an incidental beneficiary, if a beneficiary at all, to the agreement and has no enforceable rights under the contract.

*Hill, supra.* Since the State has no enforceable rights under the contract, the trial court did not err in its judgment. The assignment of error is overruled.

{¶7} Having found no error in the particulars assigned and argued by appellant, the judgment of the Court of Common Pleas of Marion County, Probate Division is affirmed.

*Judgment Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**